OPINION
This appeal is taken by Defendant-Appellant Kern's TV and Appliance Inc., from the judgment entered by the Municipal Court of Defiance County finding that the Defendant had breached an express warranty covering the replacement and repair of a washing machine for two years after the date of purchase.
In January of 1997 Janice Andrews purchased a washing machine manufactured by Creda, Inc., from Kern's TV and Appliance, Inc. (hereinafter "Kern") for $842.70. The manufacturer provided the following express warranty upon purchase of the Creda washing machine:
 "Warranty. This Creda appliance is guaranteed against faulty material or workmanship, for two (2) full years from the date of purchase. If any part is found to be defective within the warranty period, we, or our service agent, will replace, or at our option, repair that part free of charge for materials and labor."
Shortly after the sale of the Creda washing machine to Andrews in 1997, Kern stopped selling Creda appliances and was no longer a service agent for Creda products. Kern's owner and Andrews both testified that problems with the washing machine arose in late December of 1998 and continued throughout 1999. Finally, in April of 1999, though Kern was no longer a service agent, it took the washing machine to its shop while trying to locate a service agent for Andrews. Kern's owner testified that he did this merely as a courtesy to Andrews and because he felt sorry for her. Because the machine was not repaired, Andrews filed a complaint in the Municipal Court of Defiance County alleging that Kern had breached its contract and breached the express and implied warranties provided upon the sale of the washing machine.
Kern contested the complaint and asked for a trial. The case was assigned for trial on October 13, 1999. The case was heard by a magistrate. After a short hearing the Magistrate issued its report finding:
 The express warranty as provided by the manufacturer was limited to two years from the date of purchase, which would be January of 1999.
 The implied warranties were modified very conspicuously and in writing and limited to one year from the date of purchase. This modification of the implied warranties is in compliance with R.C. § 1302.29(B).
 The washing machine was purchased by the Plaintiff in January of 1997. The Plaintiff did not notify the Defendant with any problems with the washing machine until April of 1999, which is approximately two months after the express warranty expired. All problems experienced by the Plaintiff with the washing machine were after all express and implied warranties had expired.
 The Plaintiff has failed to prove by a preponderance of the evidence breach of the contract or breach of either the express or implied warranty.
Andrews filed objections to the Magistrate's report on January 3, 2000, claiming that the evidence presented at trial did in fact establish that the problems with the washing machine began within two years of the date of the warranty and thus by failing to repair the machine Kern had breached the express warranty.
On January 27, 2000, the municipal court after consideration of "the evidence presented at the original hearing, the Magistrate's Report, and the applicable law" modified the magistrate's report. The judgment entry stated in part:
 "Evidence presented at the time of trial by both Plaintiff and Defendant reflects that problems arose within the warranty time frame; that Defendant was notified of the problems within the warranty time frame and attempted to remedy the problems within the warranty period, although unsuccessful.
 Inasmuch as Defendant was the agent of the manufacturer, was an authorized service center for the manufacturer, and took possession of the appliance under the manufacturer's warranty for repair, Defendant has assumed liability for any damages occasioned by Plaintiff as a result of this consumer transaction.
 It is hereby ordered that Plaintiff is granted judgment against Defendant in the amount of Eight Hundred Forty-Two and 70/100 Dollars ($842.70) plus ten percent (10%) interest per annum and the costs of this proceeding, and the Plaintiff's objections to the Magistrate's report are hereby sustained."
On appeal from that judgment entry Kern makes the following two assignments of error:
 The judge was wrong to modify the magistrate's report in that the implied warranties were modified to one year which the plaintiff failed to meet the one year requirement as set forth in the implied warranty.
 The defendant did not issue an independent warranty to the plaintiff independent to the manufacturer's warranty and plaintiff failed to join the proper and necessary party to prosecute this action.
On appeal Kern presents two questions of law: 1) If Kern did not issue a warranty independent of the manufacturer's warranty how can it be held liable under the manufacturer's warranty; and 2) As a "seller" who did not issue any warranties independent of the manufacturer is Kern only liable for the implied warranties which were limited to one year and had expired months before Andrews' problems with the washing machine began.
Andrews maintains that Kern is liable under the express warranty because he, as a seller, gave an express warranty upon the sale of the Creda washing machine to Andrews and the evidence presented at trial established that the problems with the washing machine began within the two-year period provided by the express warranty. In the alternative, Andrews argues that even if Kern did not issue the express warranty it is liable as an agent of the manufacturer.
After addressing the applicable standard of review, this Court will examine each issue in turn.
When matters of law are at issue an appellate court may correct the judgment of the trial court. Castlebrook, Ltd. v. DaytonProperties Ltd. Partnership (1992), 78 Ohio App.3d 340, 346,604 N.E.2d 808. Indeed, where an appellate court determines that the trial court erred as a matter of law, it may reverse and render judgment. Cleveland v. Clifford (1997), 121 Ohio App.3d 59, 63,698 N.E.2d 1045. Thus, this Court's review is de novo.Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.
(1992), 81 Ohio App.3d 591, 602, 611 N.E.2d 955.
The first question of law presented by Kern requires this Court to determine if Kern can be held liable for the manufacturer's warranty when he himself did not give an express warranty independent of the manufacturer's warranty.
R.C. § 1302.26 provides for express warranties by affirmation, promise, description or sample. It states in pertinent part:
Express warranties by the seller are created as follows:
 Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
A "seller" is a "person who sells or contracts to sell goods". R.C. § 1302.01(A)(4). Kern admittedly qualifies as a seller under the code. It is a company which sells televisions and appliances.
The record discloses that the warranty at issue here was an express warranty provided by the manufacturer to all purchasers of Creda washing machines. The warranty terms are set forth in the "Creda Washing Machine Installation Use and Care Guide" that came packed with the washing machine purchased by Andrews. The warranty itself uses language describing the product as a "Creda" product and stating that Creda or their Service Agent will repair or replace the product. There is nothing attached to or contained within the "Use and Care Guide" that even mentions Kern except for a handwritten line stating where the machine was purchased. Moreover, Andrews presents no evidence that Kern issued any promises or affirmations that might be construed as express warranties concerning the washing machine outside of those provided by Creda in the "Use and Care Guide".
Therefore, even though Kern is a seller as described by the Revised Code, the warranty at issue here was not provided by Kern but by the manufacturer, Creda. Moreover, Andrews presents no evidence outside of the warranty located in the "Creda Installation Use and Care Guide" in support of its contention that Kern made promises or affirmations in regards to the washer that resulted in an express warranty. As a result, Kern is not liable for the repair or replacement of the Creda washing machine because it did not issue an express warranty independent of that given by the manufacturer.
The next question of law presented by Kern asks this court to determine whether Kern can be held liable under the implied warranties even though the implied warranties were expressly modified in writing and limited to one year.
R.C. § 1302.27 provides for the implied warranty of merchantability. It states in part:
 (A)Unless excluded or modified as provided in section 1302.29 of the Revised code, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. * * *
R.C. § 1302.28 provides for implied warranties of fitness for a particular purpose. It states in part:
 Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 1302.29 of the Revised Code an implied warranty that the goods shall be fit for such purpose.
A "merchant" is a "person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill" R.C. § 1302.01 (A)(5).
R.C. § 1302.29 provides the terms by which a warranty may be modified. It states in part:
* * *
 to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude implied warranties of fitness is sufficient if it states for example, that "There are no warranties which extend beyond the description on the face hereof."
The warranty terms provided to the purchaser of the washing machine state:
 ANY IMPLIED WARRANTIES, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS FOR PURPOSE, IMPOSED ON THE SALE BY THE LAWS OF THE STATE OF SALE ARE LIMITED TO ONE YEAR FROM THE DATE OF ORIGINAL PURCHASE. SOME STATES DO NOT ALLOW LIMITATIONS ON THE DURATION OF IMPLIED WARRANTIES. THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS, AND YOU MAY ALSO HAVE OTHER RIGHTS WHICH VARY FROM STATE TO STATE.
As stated above in order to exclude or modify the warranty of merchantability the writing must be conspicuous and use the word "merchantability". The foregoing warranty terms provided to Andrews stated in large capital letters using the word "merchantability" that the implied warranty of merchantability shall be limited to one year. The record further discloses that Andrews purchased the washing machine in January 1997 and did not begin experiencing any problems until December 1998; more than ten (10) months after the implied warranty of merchantability had expired.
Once again, as stated above, in order to exclude or modify thewarranty of fitness for a particular purpose the modification mustbe in writing and conspicuous. The foregoing warranty termsdisclose that the warranty of fitness for a particular purpose waslimited to one year and it was done in writing use large capitalletters. Further the record discloses that Andrews purchased thewashing machine in January 1997 and did not begin experiencing anyproblems until December 1998; more than ten (10) months after theimplied warranty of fitness for a particular purpose had expired.
Because all implied warranties were properly modified under the R.C. and limited to one year and Andrews did not report any problems with the washing machine until at least ten (10) months after the warranties had expired Kern may not be held liable under the implied warranties.
Despite this Andrews argues that even if Kern did not issue theexpress warranty it may be liable as an agent of the manufacturer,Creda. However, the only evidence that Andrews presents of theagency relationship is a statement made by Kern's owner that atone time Kern was a Creda Service Agent. However, "the mere useof the word "agency" by the parties in their contract does nothave the effect of making one an agent who under the law is notsuch." Ohio Jur 3d Agency Section 17 page 26-27.Further, Andrews fails to present evidence that Kern is a general agent ofCreda. There is no evidence of a contract or any writtenagreement between Kern and Creda in the record supporting the boldassertion made by Andrews. Absent the assertion there is noevidence that a relationship exists at all between Creda and Kern.In fact, the record supports the contrary contention. The recordreveals that Kern was unable to obtain parts or to help Andrewswith her Creda washing machine problems because it was not affiliated with Creda.
Therefore, because Andrews has failed to show any of the factors necessary for the formation of an agency relationship between Kern and Creda absent an unsupported statement that Kern was Creda's "service agent" at one point in time, this court is unable to agree that Kern was an agent of Creda. It is well-settled in the law that an agent is "liable for his acts only" while a principal is liable for the actions of the "agents and servants done in the performance of her business." Hohly v. Sheely, 11 Ohio C.D. 678. Moreover, this court is unwilling to state that a "service agent" can be held liable for the warranties of a manufacturer absent an agreement supporting imposition of such.
Therefore, as a matter of law Kern may not be held liable because it did not issue an express warranty independent of the manufacturer's warranty and the implied warranties had expired. As a result, the assignments of error are sustained and the judgment of the Municipal Court of Defiance County is reversed.
Judgment reversed.
HADLEY, P.J., and WALTERS, J., concur.