[Civ. No. 26014.   Second Dist., Div. Three.   Oct. 10, 1962.]

THE CITY OF LOS ANGELES et al., Plaintiffs and Respondents, v. EUGENIA IGNA, Defendant and Appellant.

David C. Marcus for Defendant and Appellant.

Roger Arnebergh, City Attorney, Gilmore Tillman, Chief Assistant City Attorney, and O. M. Lloyd, Deputy City Attorney, for Plaintiffs and Respondents.

SHINN, P. J.—The question on appeal concerns the extent of the burden on the servient tenement of an easement, presently existing in behalf of the plaintiff-respondent, City of Los Angeles, and the Department of Water and Power thereof, both of whom hereinafter are referred to jointly as the "city." There is no controversy as to the existence of the easement in favor of the present plaintiffs. The easement in question was acquired in 1936 for the purpose of bringing into Los Angeles the power to be generated at Hoover Dam, then under construction.

The source of respondent's title to the subject right of way is in two deeds. There being no dispute as to the wording of either, and the one being the same as the other with minor variances of no significance in this case, the two will be construed and referred to as one.

Appellant, Eugenia Igna, owns and operates a trailer park. The business consists of the renting of mobile homes, space and living quarters to tenants. The trailer park is located upon lot 12, as described in the findings below, a portion of which is burdened by the 120-foot power transmission right of way of respondents.

Plaintiff, the city, brought suit to quiet title to the easement and right of way and for injunctive relief to compel the removal of certain objects complained of as obstructions and to enforce the proposed quiet title decree excluding uses of the easement area by the servient owners other than limited agricultural and mineral uses expressly reserved.

The obstructions complained of were the use of the easement area by appellant for the parking of automobiles and other vehicles by the tenants of the trailer park, by the maintenance in the easement of one of said mobile homes, or trailers, and portions of other such trailers, and by the maintenance in the easement of fences, an automobile barrier, consisting of old power poles, a metal trash bin, a water pipe, or faucet, 2 feet high, a metal post and sign, 15 feet high, and the accumulation of miscellaneous items in the easement area. Appellant has blacktopped a portion thereof and has installed and maintained septic tanks, cesspools, trees, shrubbery, etc., in furtherance of her enterprise but denies that she has encroached upon the easement of the city and asserts

that she, being the fee owner of the premises in question, is entitled to the possession of the premises and to the free and complete enjoyment thereof, subject to the claimed easement of the city.

The granting words in the deed convey "all and every those permanent and *exclusive* easements and rights of way . . ." (emphasis added) for the expressed purposes of constructing and maintaining, etc., "poles, towers, wires, cables, and/or any other structures, including ground wires both overhead and/or underground necessary or convenient . . . together with the right and easement for roads, ingress, egress and other convenient purposes needed or desired at any time . . . and the right and easement to construct, reconstruct, maintain and operate same and to clear and keep said real property free from explosives, buildings, structures, brush and natural wood growth, and inflammable materials, for the protection from fire, and/or other hazards; in, under, upon, over and across all that certain real property . . ." (followed by a description of that portion of the servient tenement bound by the easement).

The reservation clause, on the other hand, is narrowly worded by the use of words "excepting and reserving unto the grantor *only* such grazing, agricultural and mineral rights and the right to maintain, cultivate, *use*, plant, and replant said real property . . . and erect non-inflammable fences upon said real property, as will not interfere with or prohibit the free and complete use and enjoyment by grantee, its successors or assigns, of the rights or easements hereby granted, *provided, however, that no building, inflammable fence, other structure, material or explosive of whatever nature or kind shall be placed, maintained or erected upon any portion of the above described real property by grantor, his successors or assigns."* (Emphasis added.)

The court found and by its judgment decreed that the city is the owner of an exclusive easement, with all rights pertinent thereto as listed in the deed; that appellant is the owner of the fee with such reserved rights, and only such rights, over the easement-bound portion of the property as expressed in the reservation clause, and further ordered, directed and enjoined defendant Igna to remove within 30 days after notice all of said obstructions then within the boundaries of the right of way except a 50-foot chain link fence.

Defendant Igna was further "restrained, enjoined and debarred from erecting, storing, placing, parking, or main-

taining said obstructions, or any other obstructions, upon said real property, within the boundaries of said right of way, or causing or inducing the same to be done by others, and from conducting business, commercial, industrial, or residential activities thereon . . ." other than as reserved in the deed of easement.

Neither appellant nor respondent claims that there is any ambiguity or uncertainty and they refer only to the terms of the deed.

■ This is an appeal on the judgment roll. The trial court upon evidence not made a part of the record on appeal found the objects placed upon the easement by defendants to be obstructions to the easement as expressly granted (for the reasonableness of the judgment in this regard, see *Collins* v. *Alabama Power Co.*, 214 Ala. 643 [108 So. 868] ; *Kesterson* v. *California-Oregon Power Co.*, 114 Ore. 22 [228 P. 1092] ; 17 Am.Jur., Easements, § 130; *Carolina Power & L. Co.* v. *Bowman* (1949), 229 N.C. 682 [51 S.E.2d 191, 6 A.L.R.2d 194] ; *McCormick* v. *Great Western Power Co.*, 214 Cal. 658 [8 P.2d 145, 81 A.L.R. 678]), and those portions of the decree ordering removal of such obstructions must be affirmed. (See *Pasadena* v. *California-Michigan etc. Co.*, 17 Cal.2d 576, 579 [110 P.2d 983, 133 A.L.R. 1186].)

■ The remaining question is whether the judgment is too broad, as contended by appellant, in that it states in part that the appellant does not have "any rights in said real property within the boundaries of said right of way whatsoever . . ." except as reserved in the deed, and enjoins defendant from using the property for any purpose except as reserved in the deed. This contention is well-founded since generally the servient owner has the right to use the land in any way not inconsistent with the rights granted under the easement or in such way as not to encroach upon or interfere with the means and facilities which the owner of the easement may lawfully use. (6 A.L.R.2d 205; A.L.R.2d Supp. Service (1962 com. issue p. 99).; *Horky* v. *Kentucky Utilities Co.* (Ky.App.) 336 S.W.2d 588 ; *Pasadena* v. *California-Michigan etc. Co., supra,* 17 Cal.2d 576 [110 P.2d 983, 133 A.L.R. 1186].)

■ The city's argument *expressio unius est exclusio alterius* is not applicable to the case at bar. It is not inconsistent to maintain the fee together with the rights appurtenant thereto while at the same time reserving from an easement granted out of said fee a more limited expressed right, for the reservation is a part of the definition of the easement and

is not a statement of the rights which attach to the ownership of the fee interest.

The judgment must be modified so as to exclude only those uses by the servient owner which are shown to be inconsistent with the rights granted under the easement or which interfere with those rights.

Paragraph II of the judgment is stricken and the following is substituted therefor:

"Defendant Igna has the right to use said property in any way which does not interfere with plaintiffs' use of said property as set forth in the deeds from Anita M. Baldwin and the City of Covina, respectively; provided, however, that defendant Igna may not place or maintain on said premises any building, or structure, material or explosive, except nonflammable fences.

"The following are hereby declared to be obstructions to the plaintiffs' lawful enjoyment of said easement:

"The motor vehicles, trailers, mobile homes, metal trash bins, water pipes, metal post and sign, wooden fences, barrier of power poles, clothes lines, children's playground equipment, piles of old boards, brush and miscellaneous junk and litter, all of which were on the premises prior to the commencement of this action."

Paragraph VI of the judgment is stricken and the following is substituted therefor:

"Defendants, and each of them, and their successors, heirs and assigns are forever enjoined from using said land in any way inconsistent with the rights granted under easement or in such a way as to encroach upon or interfere with the means and facilities which the owner of the easement may lawfully use."

The judgment is modified to conform to the foregoing changes and, as modified, is affirmed.

Ford, J., and Files, J., concurred.

A petition for a rehearing was denied November 8, 1962.