[Civ. No. 47303. Second Dist., Div. One. Apr. 30, 1976.]

CITY OF LOS ANGELES et al., Plaintiffs and Respondents, v. INGERSOLL-RAND COMPANY, Defendant and Appellant.

**COUNSEL**

Burke, Williams & Sorensen and Carl K. Newton for Defendant and Appellant.

Burt Pines, City Attorney, Edward C. Farrell, Chief Assistant City Attorney, and Roger D. Weisman, Deputy City Attorney, for Plaintiffs and Respondents.

## OPINION

**THOMPSON, J.**—The case at bench involves the interpretation of a grant of an easement for power lines and related purposes to plaintiff Department of Water and Power of the City of Los Angeles with the express reservation to the grantor, defendant's predecessor in interest, of the right to maintain and use the servient estate for agricultural purposes. The trial court having found that the use of the servient estate for the temporary limited parking of automobiles does not constitute an unreasonable interference with plaintiff's easement, we conclude that *City of Los Angeles* v. *Igna* (1962) 208 Cal.App.2d 338 [25 Cal.Rptr. 247], requires that a judgment declaring that defendant may not use the servient estate for temporary limited parking and enjoining that use be reversed.

In 1936, defendant's predecessor in interest, for a consideration of $10, granted an easement to the Department of Water and Power of the City of Los Angeles over real property presently known as 5211 Paramount Boulevard. Prepared upon a standard printed Department of Water and Power form, the deed grants an easement over a strip of land 120 feet wide. The grant is delineated as: "permanent and exclusive easements and rights of way to construct, reconstruct, maintain, operate, renew and enlarge lines of poles, towers, wires, cables and/or any other structures, including ground wires, both overhead and/or underground, necessary or convenient for the construction, maintenance, operation, regulation and/or grounding of electrical transmission lines, for the purpose of transmitting . . . electrical energy, together with the right and easement for roads, ingress, egress, and other convenient purposes needed or desired at any time . . . , and the right and easement to . . . clear and keep said real property free from explosives, buildings, structures, brush and natural wood growth, and inflammable materials, for the protection from fire and/or other hazards; . . ."

A separate clause of the deed reserves to the grantor: "only such grazing, agricultural and mineral rights and the right to maintain,

cultivate, use, plant and replant said real property with orchards, groves, and vineyards, to a height not exceeding twenty-five feet, and erect non-inflammable fences upon said real property, as will not interfere with or prohibit the free and complete use and enjoyment . . . of the rights or easements hereby granted, provided however, that no building, inflammable fence, other structure, material or explosive of whatever nature or kind shall be placed, maintained or erected upon any portion of the above described real property by grantor, . . ."

The Los Angeles Department of Water and Power installed a double circuit transmission line on the long axis of the easement. Carrying power from Hoover Dam to the southern Los Angeles area, each circuit has a capacity of 287.5 kilovolts. Each circuit consists of three conductors. The six conductors are supported by two towers positioned approximately 750 feet apart on either side of the ends of the easement. Neither tower is located on the easement itself. The six conductors weigh 1.566 pounds per foot, and the total weight suspended over the easement is 7,000 pounds.

Defendant acquired the grantor's property subject to the easement in April 1971. By then, the area of the property had changed from one of agricultural to industrial and commercial use. Defendant is in the business of marketing construction and mining products. Its facilities at 5211 Paramount Boulevard include an office building, a parts warehouse, and shop facilities. Defendant erected chain link fences crossing the easement perpendicular to its long axis. It used the surface of the property subject to the easement as an employee parking lot housing about 15 automobiles on a temporary basis during working hours and for storage of up to 24 air compressors. The compressors were stored, without fuel, on wheeled pallets.

A prior resolution to condemn a fee interest in the easement area having been aborted for lack of funds, the Department of Water and Power, on September 17, 1973, filed the complaint which commenced the case at bench. The complaint seeks a declaration that defendant is not entitled to use the surface of the property burdened by the easement for parking of automobiles or storage of compressors, and that defendant's construction of the fences obstructs the easement. The complaint also prays for injunctive relief to free the easement of the burdens which the complaint seeks to be declared an interference with the easement.

Neither party offered parol evidence to aid construction of the deed of easement. On conflicting evidence that would also have supported factual conclusions to the contrary, the trial court found that: (1) the fences and compressors constitute obstructions to plaintiff's use and enjoyment of the easement; (2) "the defendant and plaintiff could arrange to permit parking of automobiles during working hours only with all keys to said cars being kept in the office, enforcing the prohibition against customer parking and maintaining equipment sufficient to move any locked car out of [the] easement if necessary;" and (3) "whereas said limited parking arrangement would not constitute an unreasonable interference with plaintiffs [sic] rights and easement in this property, plaintiff has a right under said easement deed to exclude all parking of automobiles, whether reasonable or unreasonable, within said easement."

The trial court issued its judgment declaring the rights of the Department of Water and Power to be as claimed by it and enjoining defendant from using the surface of the easement for parking, the storage of compressors or the maintenance of fences. This appeal followed.

■ Defendant attacks only that portion of the declaratory judgment and injunction prohibiting the use of the surface of the burdened property for limited temporary parking. It contends: (1) the grant of easement does not preclude the use of the surface of the servient tenement for temporary limited parking; (2) the Department of Water and Power improperly used the proceeding at bench as a substitute for its power of eminent domain; and (3) the trial court unduly restricted cross-examination of plaintiff's witnesses designed to establish that the true purpose of the department's action was a desire to increase the voltage in the lines over the easement area.

Defendant correctly construes the easement as not prohibiting temporary limited parking of automobiles by the holder of the servient estate in light of the trial court finding of fact that such a use does not constitute an unreasonable interference with the easement holder's enjoyment of its estate.[1]

■ "[E]very incident of ownership not inconsistent with the easement and the enjoyment of the same, is reserved to the grantor [of an

---

[1] In view of that construction, we do not reach defendant's other contentions.

■

easement]." (*Dierssen* v. *McCormack* (1938) 28 Cal.App.2d 164, 170 [82 P.2d 212]; *Dolske* v. *Gormley* (1962) 58 Cal.2d 513, 519 [25 Cal.Rptr. 270, 375 P.2d 174].) ■ The extent of rights granted by conveyance of an easement is determined by the language of the grant where extrinsic evidence is not received. (Civ. Code, § 806; *Colegrove W. Co.* v. *City of Hollywood* (1907) 151 Cal. 425, 429 [90 P. 1053]; 3 Witkin, Summary of Cal. Law (8th ed.) Real Property, § 347.) ■ Reservations in a grant are generally interpreted in favor of the grantor. (Civ. Code, § 1069.)

"So far as the language of the conveyance creating an easement precisely defines the privileges of the owner of it, the privileges of use of the owner of the servient tenement are also precisely defined. As the precision of definition decreases, the application of the principle that the owner of the easement and the possessor of the servient tenement must be reasonable in the exercise of their respective privileges becomes more pronounced. Under this principle, the privilege of use of the possessor of the servient tenement may vary as the respective needs of himself and the owner of the easement vary." (Rest., Property, § 486, quoted in *Wilson* v. *Abrams* (1969) 1 Cal.App.3d 1030, 1034 [82 Cal.Rptr. 272]; *Pasadena* v. *California-Michigan etc. Co.* (1941) 17 Cal.2d 576, 579 [110 P.2d 983, 133 A.L.R. 1186].)

Where a grant of easement also contains an express reservation of rights to the grantor, holder of the servient estate, the language of the grant and not of the reservation controls. Hence, despite limited words of reservation, all rights not inconsistent with the easement are retained by the grantor. (*City of Los Angeles* v. *Igna, supra,* 208 Cal.App.2d 338, 341-342.)

■ Here the grant is of an easement for electrical transmission lines and express uses incidental to the prime purpose. Only an easement for those purposes is granted, and all other use of the property not unreasonable in light of the interest granted is by law reserved to defendant, successor in interest to the grantor. Here the trial court has found that limited temporary parking in the manner described by it is not an unreasonable interference with the Department of Water and Power's easement. Use of the servient estate for limited temporary parking, as so defined, is thus a use of that estate reserved to the grantor and conveyed by the grantor to defendant.

The conclusion which we here reach is further dictated by *City of Los Angeles* v. *Igna, supra,* 208 Cal.App.2d 338. In *Igna,* Division Three of

this district of the Court of Appeal considered a grant of easement with an express reservation to the grantor, both in terms essentially identical with those expressed in the conveyance which is involved in the case at bench. The court construed the grant to prohibit uses by the grantor-holder of the servient estate which findings of fact of the trial court, binding on appeal, found to be obstructions to the easement (208 Cal.App.2d at p. 341), but to allow uses which did not interfere with the easement holder's use of its easement (208 Cal.App.2d at p. 342).

The judgment is reversed with directions to the trial court to modify the judgment so that the judgment declares that defendant may use the servient estate for the parking of automobiles during working hours only, pursuant to an arrangement by which all keys to the automobiles are kept in defendant's office and defendant maintains equipment sufficient to move any locked automobile from the area of the easement if necessary, and by which defendant enforces a restriction against customer parking.

Wood, P. J., and Lillie, J., concurred.