45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re LAZBEN INVESTMENT COMPANY, a California Limited
Partnership, Debtor.
Eugenia WEISSMAN and Leon Weissman, Trustees of the Weissman
Family Trust DTD, 4/16/86, Plaintiffs-Appellants,
v.
LAZBEN INVESTMENT COMPANY, Defendant-Appellee.
 No. 93-55975.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1994.*
Decided Dec. 20, 1994.
 
 Before: FARRIS, POOLE and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this adversary bankruptcy proceeding, the Weissmans unsuccessfully sought to prevent Lazben Investment Company from allowing users of its adjoining Parcel Three from parking in the parties' shopping center lot. The Weissmans appeal. We have jurisdiction under 28 U.S.C. Sec. 158(d) and affirm.
 
 DISCUSSION
 I. Standard of Review
 
 3
 The operative facts are not in dispute. The disposition turns on principles of contract interpretation that we review de novo. See Aetna Casualty and Surety Co. v. Pintlar Corp., 948 F.2d 1507, 1511 (9th Cir.1991).
 
 II. Terms of the Easement
 
 4
 Each party's predecessor in interest granted the other "an easement for parking purposes over, across, and upon" their parking area. The easements granted are "appurtenant to the building area sub-parcel of the grantee." They are also "non-exclusive," with the grantor retaining the right of "use and benefit ... in common with" the grantee.
 
 
 5
 Plaintiffs argue that where an easement agreement is unambiguous, "parol evidence" is inadmissable to interpret it. See Cal.Civ.Code Sec. 806; Wilson v. Abrams, 1 Cal.App.3d 1034, 82 Cal.Rptr. 272, 275 (1969). The argument is misdirected. The evidence introduced by the defendant was not "parol evidence" as that term is normally understood. See Cal.Civ.Proc.Code. Sec. 1856(a). It did not "seek to reform an instrument clear and explicit in its meaning." Wilson, 82 Cal.Rptr. at 275. Nor did it tend "to show the nature and extent of the rights acquired" by easement. Id. Defendant, like the plaintiff, relies on the language of the easement agreement in urging its construction. Evidence introduced by Lazben simply demonstrated that it had not violated the agreement. See City of Los Angeles v. Ingersoll-Rand Co., 57 Cal.App.3d 889, 129 Cal.Rptr. 485, 487 (1976) ("[n]either party offered parol evidence to aid construction" but court considered evidence of reasonable use).
 
 III. Scope of the Easement
 
 6
 The result in this case turns on the rights retained by Lazben in the parking area covered by the easement in favor of the Weissmans. Under California law the grant of an easement passes "only those interests expressed in the grant and those necessarily incident thereto." City of Pasadena v. California-Michigan Land & Water Co., 17 Cal.2d 576, 110 P.2d 983, 985 (1941). The owner of the servient estate retains the right to "make any use of the land that does not interfere unreasonably with the easement." Id. The easement granted by Lazben's predecessor expressly reserves the right to make concurrent use of the parking area, with explicit restrictions placed only on its power to build. Because Lazben retains rights to park on its own property, it "retains also the power to transfer these rights to third persons." City of Pasadena, 110 P.2d at 985.
 
 
 7
 Wilson v. Abrams, 1 Cal.App.3d 1030, 82 Cal.Rptr. 272 (1969), relied on by plaintiffs, is not to the contrary. Wilson concerned a shopping center easement agreement similar to the one at issue here. Plaintiffs sought to build an additional structure on the part of the parking area that they owned. They proffered evidence that elimination of the parking spaces required to do this would not unreasonably interfere with the defendants' parking easement because there would still be ample parking available. Concluding that the easement at issue "was specific and definitive in scope both as to geographical boundaries and the nature and quantity of the burden imposed," exclusion of extrinsic evidence to vary the scope was appropriate. 82 Cal.Rptr. at 274-75.
 
 
 8
 The result in Wilson is consistent with the City of Pasadena line of cases relied on by the defendant. The easement in Wilson was a specific size and the plaintiffs sought to shrink it. Here, Lazben's additional use will not oust plaintiffs from any portion of the easement and it will continue to be used solely for parking. Unlike the evidence proffered in Wilson, Lazben's evidence went to "the question of a use consistent with [plaintiffs'] easement rights as owners of the dominant tenement," see Wilson 82 Cal.Rptr. at 275, and was, therefore, properly considered.
 
 
 9
 Plaintiffs also argue that the mutual easements granted are appurtenant, not in gross. However, Lazben does not argue, nor did the bankruptcy court rule, that it may permit users of Parcel Three to park on the Weissman Parcel. The bankruptcy judge's order only permits the users of Parcel Three to park on Lazben's property "so long as" this use "does not unreasonably interfere with Plaintiffs' parking easement on the Lazben Parcel."
 
 
 10
 Plaintiffs would avoid this problem by arguing that, in effect, the bankruptcy judge's order extends the appurtenant easement granted by Weissmans' predecessor to the benefit of Parcel Three, because limiting the additional parking to only the Lazben Parcel is impractical. The fact that plaintiffs may have difficulty enforcing the limits of their easement agreement does not give us authority to rewrite it. See Wilson 82 Cal.Rptr. at 275 (Plaintiffs' "proffered testimony would seek to reform an instrument clear and explicit in its meaning; this they may not do.").
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3