[Civ. No. 25260.   Second Dist., Div. Three.   Feb. 24, 1961.]

EDEN MEMORIAL PARK ASSOCIATION (a Nonprofit Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; DEPARTMENT OF PUBLIC WORKS OF THE STATE OF CALIFORNIA, Real Party in Interest.

422

Sandler & Rosen and Thorpe, Sullivan, Clinnin & Workman for Petitioner.

Loeb & Loeb and Herman F. Selvin as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

George C. Hadley, George W. Miley and Charles E. Spencer, Jr., for Real Party in Interest.

NOURSE, J. pro tem.*—Petitioner is a nonprofit corporation organized under the laws of this state. It owns and operates a cemetery known as the Eden Memorial Park Cemetery situate within the boundaries of the city of Los Angeles. The lands included within the boundaries of said cemetery have been dedicated for cemetery purposes in

*Assigned by Chairman of Judicial Council.

accordance with the laws of this state. By the petition here, petitioner seeks to restrain the respondent court from proceeding in an action brought by real party in interest, the Department of Public Works of the State of California, to condemn portions of the dedicated property for use as a freeway and to annul[1] an order made by the respondent court granting to real party in interest the right to the immediate possession of the land sought to be condemned.

The sole question presented here is: May the state exercise the power of eminent domain so as to condemn and take for freeway purposes lands which have been theretofore dedicated exclusively to cemetery purposes, or are such lands exempt from such condemnation by the state? The answer to this question depends upon the construction placed upon sections 8560 and 8560.5 of the Health and Safety Code.[2] Section 8560 reads: "[Construction of thoroughfares or utilities through cemeteries.] After dedication pursuant to this chapter, and so long as the property remains dedicated to cemetery purposes, no railroad, street, road, alley, pipe line, pole line, or other public thoroughfare or utility shall be laid out, through, over, or across any part of it without the consent of the cemetery authority owning and operating it or of not less than two-thirds of the owners of interment plots."

There is no contention on the part of respondent or real party in interest that it was not the intent of the Legislature, by this statute, to exempt property dedicated to cemetery purposes from classes of property which are subject to be taken under the power of eminent domain but they assert that they are not so exempt when the state or any agency thereof, such as real party in interest, seeks to take the property for freeway purposes. ██ ██ They base this assertion upon the rule that " 'laws in derogation of sovereignty are construed strictly in favor of the state and are not permitted to divest it or its government of any prerogatives, unless intention to effect that object is clearly expressed' " and that "A statute will not be construed to impair or limit the sovereign power of the state to act in its governmental capacity and perform its governmental functions in

---

[1] The respondent court denied petitioner's motion to vacate the order for immediate possession.

[2] Both statutes are the same in purpose and effect but as section 8560 is broader in its scope we confine our discussion to that section alone.

behalf of the public in general, unless such intent clearly appears." (*People* v. *Centr-O-Mart*, 34 Cal.2d 702, 703-704 [214 P.2d 378].)

"Where a statute is not expressly made applicable to government, it is for the courts to determine whether the Legislature intended it to apply to government. In making that determination, it is proper to consider all matters which, under the rules of statutory interpretation, shed light on the legislative intention." (*People* v. *Centr-O-Mart, supra,* p. 704.)

In interpreting a statute the court must first ascertain the purpose sought to be accomplished by the statute and then place such an interpretation on it as will promote rather than defeat that purpose. In construing the statute in question here it should be kept in mind that the rule, heretofore quoted, which real party in interest seeks to invoke, applies not alone to the state but to its various agencies and sudivisions. (*Butterworth* v. *Boyd,* 12 Cal.2d 140, 150 [82 P.2d 434, 126 A.L.R. 838] ; *Balthasar* v. *Pacific Elec. Ry. Co.,* 187 Cal. 302, 305-310 [202 P. 37, 19 A.L.R. 452] ; *Estate of Miller,* 5 Cal.2d 588, 597 [55 P.2d 491].)

It has long been the policy of this state that places where the dead are buried shall be protected and preserved against interference, molestation or desecration. This policy was first expressed by the Legislature in 1859 when by statute the Legislature exempted all cemeteries from public taxes and provided that so long as the land was held for cemetery purposes no street, avenue, road or thoroughfare should be laid out over it (Stats. 1859, pp. 281, 284), and has been adhered to since that time (see Stats. 1911, p. 1100; Stats. 1931, ch. 1148, p. 2451; Stats. 1939, ch. 60, §§ 8558, 8559, 8560 and 8561), and in 1926 the people took away from the government of the state the right to exercise its inherent sovereign power to tax insofar as certain property dedicated to cemetery use was concerned. (Cal. Const., art. XIII, § 1*b*.) The Legislature has not only protected burial grounds from molestation and desecration through invasion thereof by the public by means of public roads, highways and thoroughfares, but exempted them from assessments for public improvement, sale on execution and the conveyance thereof from the rule against perpetuities and restraint upon alienation (§§ 8559-8561, Health & Saf. Code), and its purpose in so doing is clearly expressed in section 8559 of the Health

and Safety Code (this is a codification of Stats. 1931, ch. 1148, § 8), through the following language: "Dedication to cemetery purposes *pursuant to this chapter* . . . shall be deemed to be in respect for the dead, a provision for the interment of human remains, and a duty to, and for the benefit of, the *general public.*" (Emphasis added.)

It is clearly and admittedly the purpose of the statutes to exclude real property dedicated to cemetery purposes from property which may be taken, under the powers of eminent domain, for roads,[3] streets or other public thoroughfares. It is self-evident that this purpose would be defeated if the state, its agencies or its political subdivisions may exercise the power of eminent domain to take such dedicated property for those purposes, for they, and they only, have the power to take private property for those purposes.

Real party in interest asserts that the power of eminent domain was conferred upon it by the Constitution as an agency of the state. In so doing it misconceives both the source of the power and the effect of the constitutional provisions. The power of eminent domain is inherent in sovereignty and the constitutional provisions do not grant the power but are limitations upon it. (*Rose* v. *State,* 19 Cal. 2d 713, 719, 720-725 [123 P.2d 505]; *People* v. *Chevalier,* 52 Cal.2d 299, 304 [340 P.2d 598]; *Crescent Wharf etc. Co.* v. *City of Los Angeles,* 207 Cal. 430, 434 [278 P. 1028].)

While the power is inherent in sovereignty neither the state itself nor any of its agencies or subdivisions "may lawfully exercise such right in the absence of precedent legislative authority so to do." (*People* v. *Superior Court,* 10 Cal.2d 288, 295-296 [73 P.2d 1221].) The Legislature may provide the uses for which property may be taken, the kinds of property that may be taken, the persons or entities who may exercise the power to take and the procedures for taking it (*Linggi* v. *Garovotti,* 45 Cal.2d 20, 24 [286 P.2d 15]; *Wulzen* v. *Board of Supervisors,* 101 Cal. 15, 21 [35 P. 353, 40 Am.St.Rep. 17]); it follows that it may exclude a class of property such as property dedicated to cemetery purposes from property falling in a category which by general statute may be taken for public use.

The Legislature has granted to real party in in-

---

[3]The word "road" is a generic term which includes a state highway. (*Fischer* v. *County of Shasta,* 46 Cal.2d 771, 774-776 [299 P.2d 222].)

terest the right to exercise the state's power of eminent domain. Section 102 of the Streets and Highways Code provides in part: "In the name of the people of the State of California, the department may condemn for State highway purposes, under the provisions of the Code of Civil Procedure relating to eminent domain, any real property or interest therein which it is *authorized to acquire*." (Emphasis added.) The real party in interest argues that as, under the provisions of section 1240 of the Code of Civil Procedure, all real property belonging to any person, including property appropriated to a public use (a cemetery falls within this category; see Code Civ. Proc., § 1238, par. 14; *Hornblower* v. *Masonic Cemetery Assn.*, 191 Cal. 83, 91 [214 P. 987]), is subject to condemnation for highway purposes, its right to take the subject property is established and that sections 8560 and 8560.5 of the Health and Safety Code may not be construed so as to take away from the real party in interest the rights thus granted.

To uphold this contention would be to in effect repeal and certainly to set at naught the provisions of the Health and Safety Code in question. If dedicated cemetery property remains subject to the power of the state, its agencies and political subdivisions, to take property for roads, streets, alleys or other public thoroughfares, the prohibitions against the establishment of them across the dedicated property are, as we have shown, meaningless and of no effect. It is our duty, if possible, to place a construction upon both statutes which will reconcile them and make each effective. (*Southern Pac. Co.* v. *Railroad Com.*, 13 Cal.2d 89, 100 [87 P.2d 1055]; *Stafford* v. *Realty Bond Service Corp.*, 39 Cal.2d 797, 805 [249 P.2d 241]; *Stafford* v. *Los Angeles etc. Retirement Board*, 42 Cal.2d 795, 799 [270 P.2d 12].) As we interpret the provisions of the Health and Safety Code in question, their effect is to exempt from the classes of property which may be taken under the provisions of section 1240, Code of Civil Procedure, property dedicated for cemetery use. This interpretation does not leave the statutes in conflict but renders each effective to accomplish the purposes for which it was enacted.

The order made and entered by the respondent court in the subject action granting to the plaintiff therein the right to the immediate possession of parcel 5 described in the com-

plaint in said action is annulled and the respondent court is prohibited from proceeding in said action for the condemnation by the plaintiff of said parcel 5.

Vallée, Acting P. J., and Ford, J., concurred.

The petition of the real party in interest for a rehearing was denied March 15, 1961, and its petition for a hearing by the Supreme Court was denied April 19, 1961.