TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

```
-------------------------------------------------------------
                             :
        OPINION              :        No. 88-803
                             :
          of                 :        DECEMBER 1, 1988
                             :
  JOHN K. VAN DE KAMP        :
    Attorney General         :
                             :
  CLAYTON P. ROCHE           :
  Deputy Attorney General    :
                             :
-------------------------------------------------------------
```

THE HONORABLE JIM COSTA, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

In a chartered or general law city, is the planning director considered an "interested person" within the meaning of section 66452.5, subdivision (d) of the Government Code so as to authorize the planning director to appeal to the city council from a subdivision map decision made by the planning commission, acting as the advisory agency?

CONCLUSION

In a chartered or general law city, the planning director is considered an "interested person" within the meaning of section 66452.5, subdivision (d) of the Government Code so as to authorize the planning director to appeal to the city council from a subdivision map decision made by the planning commission, acting as the advisory agency.

ANALYSIS

The request for our opinion involves the application of section 66452.5, subdivision (d) of the Government Code, a provision of the Subdivision Map Act, to both a chartered city and a general law city.

The Subdivision Map Act is found in section 66410 et seq. of the Government Code.[1] The basic thrust of that act is set forth in section 66411, wherein it states:

"Regulation and control of the design and improvement of subdivisions are vested in the legislative bodies of local agencies [i.e. a city, county or city and county]. Each local agency shall by ordinance regulate and control subdivisions for which this division requires a tentative and final or parcel map. . . ."

Additionally, with respect to certain procedural matters, section 66451 provides:

"The procedures set forth in this chapter shall govern the processing, approval, conditional approval or disapproval and filing of tentative, final and parcel maps and the modification thereof. Local ordinances may modify such procedures to the extent authorized by this chapter."

Section 66452.5, subdivision (d), the provision at issue herein, is such an authorized modification. It presently provides:

"(d) Where a local ordinance so provides, any interested person adversely affected by a decision of the advisory agency or appeal board may file a complaint with the governing body concerning any decision of the advisory agency or appeal board. The complaint shall be filed with the clerk of the governing body within 10 days after the action of the advisory agency or appeal board which is the subject of the complaint. Upon the filing of the complaint, the governing body may set the matter for hearing. The hearing shall be held within 30 days after the filing of the complaint. The hearing may be a public hearing for which notice shall be given in the time and manner provided."[2]

Accordingly, the Subdivision Map Act is initially required to be implemented in cities and counties by local ordinance. Additionally, procedural matters concerning the approval, disapproval or modification of subdivision maps may, in certain instances, be regulated specifically by local ordinance.

In addition to the Subdivision Map Act, the authority of cities and counties to regulate subdivisions is found in their constitutionally granted police powers. (Santa Monica Pines, LTD, v. Rent Control Board (1984) 35 Cal.3d 858, 868-869; Griffin Development Co. v. City of

_____

[1]All section references are to the Government Code unless otherwise indicated.

[2]We note that chapter 1408, Statutes of 1988, to be effective January 1, 1989, will delete the condition that a local ordinance must provide for the filing of the complaint specified in this subdivision. Accordingly, after that date, state law will require local governing bodies to hear these complaints.

Oxnard (1985) 39 Cal.3d 256, 261-262.) As stated in the Griffin case: "Local agencies may [by virtue of art. XI, § 7], therefore, adopt regulations involving matters covered by the Map Act, as long as they are not inconsistent with it." (Id., at p. 261.). Chartered cities however, have no greater powers than do general law cities in enacting ordinances regulating subdivisions. The subdivision Map Act preempts local law and is also a matter of statewide concern. As this office explained in 63 Ops.Cal.Atty.Gen. 64, 65 (1980):

"The Subdivision Map Act occupies the field as to subdivisions of property (Codding Enterprises v. City of Merced (1974) 42 Cal.App.3d 375, 378; Santa Clara County Contractors Assn. Etc. v. City of Santa Clara (1965) 232 Cal.App.2d 564, 578.) Thus, even though the Act requires each city and county to adopt a local ordinance to implement the Act within its jurisdiction (§ 66411), and a city or county may reject a tentative or final subdivision map which does not comply with that ordinance (§ 66473; Metro Realty v. County of El Dorado (1963) 222 Cal.App.2d 508, 511), the ordinance must be consistent with the Act. (Friends of Lake Arrowhead v. Board of Supervisors (1974) 38 Cal.App.3d 497, 505.) An implementing ordinance which is inconsistent with the language or intent of the Act is invalid. (Santa Clara County Contractors Assn. Etc. v. City of Santa Clara, supra; Kelher v. City of Upland (1957) 155 Cal.App.2d 631, 636; 45 Ops.Cal.Atty.Gen. 23, 24 (1965).) This rule applies to charter cities, even though land use regulation has traditionally been considered a municipal affair. (Coddington Enterprises v. City of Merced, supra; Newport Bldg. Corp. v. City of Santa Ana (1962) 210 Cal.App.2d 771, 777; Hirsch v. City of Mountain View (1976) 64 Cal.App.3d 425, 430-431; but see Longridge Estates v. City of Los Angeles (1960) 183 Cal.App.2d 533, 539.)"

Accordingly, this opinion applies to chartered cities as well as to general law cities.

This request for our opinion is based upon the ordinance of a particular chartered city. It is to be recalled that section 66452.5, subdivision (d), presently states that "[w]here a local ordinance so provides, any interested person adversely affected by a decision of the advisory agency or appeal board may file a complaint with the governing body concerning any decision of the advisory agency or appeal board." The subject city has designated its planning commission as the "advisory agency" for purposes of the Subdivision Map Act. Section 66415 of that act defines "advisory agency" to mean:

"'Advisory agency' means a designated official or official body charged with the duty of making investigations and reports on the design and improvement of proposed divisions or real property, the imposing of requirements or conditions thereon, or having the authority by local ordinance to approve, conditionally approve or disapprove maps." (Emphasis added.)

The city involved herein has designated its planning director as the city "development director." Since the planning commission has been designated the "advisory agency," section 66452.3 is relevant concerning the planning director/development director. That section provides:

"Any report or recommendation on a tentative map by the staff of the local agency to the advisory agency or legislative body shall be in writing and a copy thereof served on the subdivider and on each tenant of the subject property, in the case of a proposed conversion of residential real property to a condominium project, community apartment project, or stock cooperative project, at least three days prior to any hearing or action on such map by such advisory agency or legislative body. Pursuant to section 66451.2, fees may be collected from the subdivider for expenses incurred under this section."

The planning director/development director prepares a report to the planning commission, the "advisory agency," pursuant to this section. (See city's subdivision ordinance, post.)

With this particular organization established for review of subdivision maps filed with the city, the city recently amended its subdivision ordinance to include the planning director/development director as an "interested person" who could appeal to the city council from a decision of the planning commission regarding a tentative subdivision map.

The ordinance was amended in part to read:

"[(f) APPEAL. Any interested person, including the [Development] Director, may complain of any decision of the [Planning] Commission, and the applicant may appeal from any action of the [Planning] Commission as related to a tentative map or vesting tentative map and related UGM [Urban Growth Management] Permit application pursuant to the provisions of Section 12-1019. When a proper appeal has been filed, a public hearing upon the matter shall be set before the Council within thirty days of the receipt of the proper appeal.]"

Additionally, with respect to the criteria the city council is to follow on such appeals with respect to tentative maps, the subdivision ordinance was amended to read:

"[(g) COUNCIL ACTION ON APPEAL. On appeal, the Council shall approve, conditionally approve, or disapprove the tentative map or vesting tentative map and related UGM Permit application pursuant to Section 12-1019. The Council shall not act on the subject map and UGM Permit application unless it has considered the following factors:

(1) The recommendation of the [Development] Director.

(2) The Commission's Action and report.

(3) The contents of the Service Delivery Plan, and

(4)  The results of any required Cost/Revenue   Analysis.  The action of the Council shall be final.]"

It is in the foregoing context that we have been asked whether the development director/planning director is an "interested person adversely affected by a decision" with respect to the city planning commission's action on tentative subdivision maps within the meaning of section 66452.5, subdivision (d), of the Subdivision Map Act?  We conclude that in both a chartered city or general law city that official is properly considered  to be such an "interested person."

Clearly, under section 66452.3, supra, the development director/planning director has a governmental interest in the planning commission's decision by virtue of the staff report which that official must file with the planning commission concerning whether to approve or disapprove a tentative map.  The question remains whether such a governmental interest is sufficient to permit that official to be considered an "interested person" within the meaning of section 66452.5, subdivision (d).

It is to be noted that the Subdivision Map Act itself in no way attempts to define who is such an "interested person adversely affected."  The city, in support of its position that the development director/planning director qualifies for such status, urges as follows:

"The Map Act does not appear to refer to 'party' in some litigation sense.  The appeal provisions are not found in the Code of Civil Procedure or placed in the Government Code dealing with the rights of parties in litigation.  These Map Act provisions don't purport to define the circumstances under which certain parties have a right to maintain or defend actions.  Therefore, the word 'person' is not used, as is the term 'party,' in a technical sense or as a term of art.

"The Director is responsible in the first instance for administering the Zoning, Planning and Subdivision Laws.  Very often his decisions become final, in the absence of any appeal or automatic reference to the Commission or Council.  By law, he is both permitted and authorized to develop the standards for review of subdivision maps for compliance with the local Map Ordinance, local development standards and with the zoning laws, generally.  Most appeals affect important matters of planning and zoning policy administered by the Director.  It is anomalous to say that any citizen could appeal a decision of the Commission but that the Director could not. . . .

"Using the ordinary or common definition of the word 'interested,' the Director is clearly such a person.  Webster's (unabridged) Third New International Dictionary (1976) G & C Merriam Co., Springfield, Mass., 'interested,' p. 1178.  The Director is responsible for issuing all the entitlements for the City.  He does so in his official capacity.  In a proper case, a suit could properly name the Director as a party defendant."

Several legal arguments, however, have been suggested, in support of a contrary view.

It has first been suggested that since the Subdivision Map Act does not define "any interested person" for purposes of section 66452.5, reference should be made to other laws where such definitions do exist. Examples cited are the Energy and Conservation Laws and the laws governing assessment proceedings.

A second suggestion is that to permit the development director/planning director the right of appeal would in essence give rise to a conflict of duties. This is so, it is urged, because in the case of an applicant's appeal the director would function as the representative of the planning commission before the city council. However, where the director himself appeals, he would be contesting the action of the planning commission, leaving no one from "staff" to represent the commission.

In our opinion, the city's position is correct. We believe that it is extremely significant that the term "interested person" has not been defined in the Subdivision Map Act. Land use control is peculiarly a local matter, encompassing the interrelationship of numerous matters such as the general plan, zoning, environmental matters under CEQA, coastal zone matters in some jurisdictions and matters under the Williamson Act in agricultural communities. (See generally California Subdivision Map Act Practice, (Cont.Ed.Bar 1987) pp.7-12). As the city noted, the development director or a planning director would be at the "point" with respect to these matters. Accordingly, as already pointed out herein, that official would clearly have an official interest or governmental interest in planning commission decisions on tentative maps which might not be in conformity with or in the best interest of local land use planning and control. Accordingly, we believe that a city or county is empowered pursuant to present section 66452.5, subdivision (d) to define "interested person" to include a development director/planning director.

Insofar as it has been urged that reference should be made to other laws where "interested persons" have been defined to encompass only those with a "real or direct" interest, we note that all such definitions we have examined are limited to the particular law for which the definition is made, using such terminology as "For the purpose of this article" or "As used in this article," (see, e.g. Bond Refunding Law of 1939, § 59380; Hazardous Waste Control Laws, Health and Safety Code, § 25199.1; Determination of Domicile By Arbitration, Alternative Method, Rev. & Tax. Code, § 14199, subd. (d).)

Furthermore the specific examples urged do not in our view support such a contention since they are in no way analogous. For example, Public Resources Code, section 25114, relating to Energy Conservation and Development, defines "interested party," not interested persons. And the assessment proceeding laws naturally would consider those with a real and direct interest as having the relevant interest, since the assessment will be a charge on the land assessed.

Additionally, we note that broad definitions of the term "interested person" may be found. See, e.g., Health and Safety Code, section 25199.1 of the Hazardous Waste Control Laws, which provides:

"(c) 'Interested person' means a person who participated in one or more public meetings or hearings held to consider an application for a land use decision for a specified hazardous waste facility prospect. . . ."

Insofar as it has been urged that to permit the development director/planning director to appeal will leave the planning commission without representation before the council, we believe this is not in reality a legal objection to the ordinance, but at most an administrative matter to be solved by the city council. In short, it is a choice the city council made when it enacted its ordinances.

Finally, as noted at the outset (see footnote 2, ante), section 66452, subdivision (d), has been amended, effective January 1, 1989, to delete the qualifying introductory language "[w]here a local ordinance so provides." Accordingly, after that date, subdivision (d) of section 66452 will not require passage of a local ordinance, but will apply in all cities and counties by force of state law.

Although the facts presented in this request are based upon a local ordinance which specifically designates the planning director to be an "interested person" within the meaning of section 66452, subdivision (d) of the Government Code, we believe that what we have said herein with respect to a planning director's governmental interest in subdivision map decisions would make that official such an "interested person" under the direct wording of the statute, without the benefit of such an ordinance. Thus, our conclusion herein would be the same even if we were analyzing the question under the law as it will read effective January 1, 1989.

Accordingly, in summary we conclude that in either a general law city or chartered city, the city development director/planning director is an "interested person adversely affected by a decision" for purpose of appealing decisions as specified in section 66452.5, subdivision (d).[3]

\* \* \* \*

---

[3]We also note that there is no objection to considering the state, its subdivisions, or its officers as "persons" where to do so will not infringe upon the sovereignty of the state. (See, e.g., Eden Memorial Park Assn. v. Superior Court (1961) 189 Cal.App.2d 421, 424; 70 Ops.Cal.Atty.Gen. 146, 150, N.8 (1987); 64 Ops.Cal.Atty.Gen. 94, 103 (1981); 41 Ops.Cal.Atty.Gen. 178, 180 (1963).)