[L. A. No. 26198.   In Bank.   Oct. 9, 1962.]

THERESA M. DOLSKE, Plaintiff and Appellant, v. MARY E. GORMLEY, Defendant and Respondent.

Fred H. Almy and J. H. Petry for Plaintiff and Appellant.

Swing & Swing and Everett H. Swing for Defendant and Respondent.

WHITE, J.—This is an appeal by plaintiff and cross-defendant Theresa M. Dolske, from a judgment denying injunctive relief sought to restrain defendant and cross-complainant Mary E. Gormley's alleged interference with a driveway easement, and decreeing that plaintiff and cross-defendant must remove from defendant and cross-complainant's property certain encroachments thereon. Mrs. Dolske is the owner of

the dominant tenement, and Mrs. Gormley the owner of the adjoining servient tenement.

With regard to the factual background surrounding this litigation the record reflects that in 1913 Mary H. Eadie was the owner of a parcel of land located in San Bernardino, which had a 75-foot frontage on the south side of Victoria Avenue, an east-west avenue, and a depth of 128 feet. In that year Mrs. Eadie granted to one of plaintiff's predecessors in title the westerly portion of her larger parcel, which granted parcel measured 25 by 128 feet. Also included in the above grant was ''the right to use as a driveway in common with grantor'' a strip of land 10 by 128 feet along the westerly side of Mrs. Eadie's remaining property. The grantee's lot thus had a 25-foot frontage on Victoria Avenue, and ''the right to use as a driveway'' a strip adjoining the eastern edge of the new lot.

Prior to 1949 a house was constructed on the new lot, the easterly wall of which was approximately 3 inches from the property line, and certain other structural features of which encroached upon the westerly edge of the grantor's property. Specifically, it appears that a pillar supporting a large front porch extended at its base approximately nine inches over the property line, the roof eaves along the length of the house extended over the line approximately 19 inches, and two gas meters and pipes next to the house extended approximately 8 inches over the adjoining property. It also appears that a wooden curb was constructed along the common driveway approximately 1½ feet from the eastern wall of the house, and about one foot from the grantor's westerly property line. The garage for the property subsequently acquired by Mrs. Dolske was constructed 40 feet behind the house, the eastern wall of which is 17 inches from the Gormley property line.

Plaintiff Dolske acquired the above described house, lot, and driveway easement in 1949. Her deed conveyed the 25-foot-wide lot, ''Also right to use as a driveway'' the 10 by 128-foot strip adjoining her easterly property line, ''TOGETHER with the tenements, hereditaments, and appurtenances whatsoever to the same belonging or in anywise appertaining.'' Defendant Gormley acquired the adjoining property in 1951 from heirs of Mary H. Eadie. In 1954 or 1955, Mrs. Dolske had constructed, in addition to the prior existing structures along the property line, a concrete curb in the easement way to replace the above-described wooden curbing. It further appears that certain flowers and shrubs have been planted

between the house and the curb, on Mrs. Gormley's property and in the common driveway area.

The instant litigation appears to have been precipitated when Mrs. Gormley had constructed, in May 1959, a chain link fence along her westerly property line. The fence, approximately $4\frac{1}{2}$ feet high, was commenced at the sidewalk and extended to the rear of the Dolske house, with breaks therein to accommodate the porch pillar and the gas meters. A 40-foot-wide opening was left for access to Mrs. Dolske's garage, and the fence was then continued alongside the Dolske garage to the rear or southerly property line. The fence extended somewhat above the lower portions of the windows on the east side of Mrs. Dolske's house. Since the fence is on the property line, there is only 3 inches' clearance between the fence and the Dolske house, and 17 inches between the fence and Mrs. Dolske's garage, making it difficult to clean and paint between the fence and the buildings.

In her complaint Mrs. Dolske alleged her ownership of the property and her use of the driveway as the sole means of access from Victoria Avenue to her garage in the rear of her property. She alleged that defendants wrongfully "obstructed said driveway by constructing a chain link fence upon and across said premises, whereby the plaintiff was and still is, prevented from enjoying the use of said easement and driveway." Plaintiff prays that Mrs. Gormley "be perpetually enjoined and restrained from continuing to obstruct said driveway throughout its entire width by said fence and from otherwise obstructing the same." Mrs. Dolske also sought damages.

In addition to answering, defendant Gormley cross-complained, alleging the wrongful construction and maintenance upon her property of the above detailed pillar, eaves, and other structures, and prayed that a mandatory injunction issue ordering the removal from cross-complainant's property of all alleged encroachments. Mrs. Gormley also sought damages of $1,000. In the pretrial conference order it was recited by Judge Findlay that: "It is admitted or stipulated by both parties hereto that the easement rights of the plaintiff as set forth in the complaint arise out of an easement of grant rather than a right by user."

Following a trial before the court wherein the evidence was in the main confined to that bearing upon the question of the extent of the granted right "to use as a driveway" the 10-foot-wide strip of Mrs. Gormley's property, and follow-

ing a view of the premises by the court, judgment was rendered for defendant and cross-complainant. In addition to finding that the fence did not unreasonably interfere with Mrs. Dolske's enjoyment of the driveway easement, it was decreed that Mrs. Dolske must remove from Mrs. Gormley's property all encroachments, including the roof eaves and the porch pillar. It was further decreed that the driveway easement may be used by Mrs. Dolske or persons claiming under her only "for ingress and egress for vehicular traffic between Victoria Avenue and the said dominant tenement through the opening in the fence as the same presently exists along the common boundary line of said dominant and servient tenements." No damages were awarded to defendant and cross-complainant.

Various contentions are advanced by plaintiff and cross-defendant concerning prescriptive rights that allegedly ripened in plaintiff or her predecessors in title, giving her the right to use the easement to obtain access to her property for maintenance and other general purposes, in addition to the right of ingress and egress for vehicular traffic. Plaintiff also appears to contend that prescriptive rights ripened such as to enable her to maintain the encroachments now existing upon defendant's lot.

However, while the record contains occasional references to matter bearing upon possible prescriptive rights, the issue of prescriptive rights appears not to have been litigated herein. The case at bar would appear to involve only the question of whether the chain link fence as constructed by Mrs. Gormley along her westerly property line unreasonably interfered with the use "as a driveway" of the granted 10 by 128-foot-wide easement way, and the question whether the Dolske encroachments must be removed.

In advancing contentions concerning any prescriptive rights that might have been acquired in addition to those conveyed by the 1913 grant (see *Mendelson* v. *McCabe*, 144 Cal. 230, 232 [77 P. 915, 103 Am.St.Rep. 78] ; *Redemeyer* v. *Carroll*, 21 Cal.App.2d 217, 219-220 [68 P.2d 739] ; Note 110 A.L.R. 915), plaintiff is met by the rule that a change in the theory of one's case can be made on appeal only where questions of law alone are presented. (*Estate of Hunter*, 194 Cal.App.2d 859, 862-863 [15 Cal.Rptr. 556].) It is apparent that any question concerning prescriptive rights "contemplates a factual situation the consequences of which are open to controversy and were not put in issue or presented

at the trial [so that] the opposing party should not be required to defend against it on appeal." (*Panopulos* v. *Maderis,* 47 Cal.2d 337, 341 [303 P.2d 738].)

Appellant Dolske also contends that when the deed to her property recited that she was granted the "right to use as a driveway" the easement strip "TOGETHER with the tenements, hereditaments, and appurtenances whatsoever to the same belonging or in anywise appertaining," she was granted the right to use the driveway area for pedestrian access to the east side of her house and lot, as well as the right to use the driveway area for general maintenance of that side of her property. But while the above contended-for rights might be considered as "tenements" in an original legal sense that a tenement is "everything that may be *holden,*" including incorporeal property rights such as offices, franchises or easements (see Black's Law Dictionary, (4th ed. 1951) p. 1637), and easement rights also might be characterized as "hereditaments" (see *Westlake* v. *Silva,* 49 Cal.App.2d 476, 478 [121 P.2d 872]), it would be necessary for the access and maintenance rights herein contended for to be "appurtenant" or "appertaining" to the right to use the easement strip "as a driveway" in order for the instant contention to prevail.

"Driveway" is defined in Webster's New World Dictionary (1951) page 443, as "a path leading from a garage or house to the street, used especially by automobiles." While admittedly driveways are commonly used for multifarious additional purposes, including those general maintenance and access functions contended for by plaintiff, "The law is jealous of the claim of an easement . . . and likewise of the extent of the rights claimed under an instrument granting an easement. The rule is that every incident of ownership not inconsistent with the easement and the enjoyment of the same, is reserved to the grantor." (*Dierssen* v. *McCormack,* 28 Cal.App.2d 164, 170 [82 P.2d 212] ; see *Pasadena* v. *California-Michigan etc. Co.,* 17 Cal.2d 576, 579 [110 P.2d 983, 133 A.L.R. 1186].) It is thus entirely appropriate herein that, in construing the grant "to use as a driveway" an area of adjoining land, a narrow construction be placed upon the term "driveway." When driveway rights are viewed as primarily for ingress and egress of vehicles, plaintiff's contention is untenable that the right of pedestrian and maintenance access to a house and lot is "appurtenant" or "appertaining" to the right to use an adjoining land area "as a driveway."

Furthermore, the owner of the servient estate may construct a fence along the easement right of way so long as the fence is not placed so as to be inconsistent with the rights of the dominant owner. (*Brearton* v. *Fina,* 3 Misc.2d 1, 8 [155 N.Y.S.2d 399]; *Baird* v. *Knutzen,* 49 Wn.2d 308, 310-311 [301 P.2d 375]; see *McCoy* v. *Matich,* 128 Cal.App.2d 50, 53 [274 P.2d 714].) The trial court's finding of no unreasonable restriction by the fence upon the easement rights herein appears to be supported by substantial evidence. Nor can it be instantly argued that such rights of pedestrian and maintenance access as are contended for herein (see Note 58 A.L.R. 1037) were included in the conveyance to Mrs. Dolske of her house and lot, since the sought after rights involve the use of property of another, which land use rights would appear to involve questions concerning prescriptive rights acquired by Mrs. Dolske's predecessors in title and granted to her, and, as hereinbefore indicated, issues concerning alleged prescriptive rights have not been litigated in this action.

A further and meritorious contention is that in not awarding damages and ordering removal of the porch pillar, roof eaves, and other encroachments upon Mrs. Gormley's property, where said encroachments are causing little or nominal damage to that defendant and the cost of their removal would be proportionately great, the trial court abused its discretion. (See *Baglione* v. *Leué,* 160 Cal.App.2d 731, 734 [325 P.2d 471].) As stated above, the trial court did not award damages to defendant Gormley for the long continued presence upon her property of the encroachments. And while no direct evidence is contained in the record as to the probable expense and inconvenience to Mrs. Dolske of the removal of the encroachments, this court may take judicial notice (see *Nebel* v. *Guyer,* 99 Cal.App.2d 30, 34 [221 P.2d 337]) of the fact that removal of the porch pillar, gas pipes and meters, roof eaves and other structures as pictured in the exhibits which are part of the instant record would involve considerable expense as well as disfigurement of the Dolske house (see *Baglione* v. *Leué, supra,* 160 Cal.App.2d 731, 735), which might well be characterized as "irreparable injury" to cross-defendant Dolske. See *Fairrington* v. *Dyke Water Co.,* 50 Cal.2d 198, 200 [323 P.2d 1001]; *Scheble* v. *Nell,* 200 Cal.App.2d 435, 438 [19 Cal.Rptr. 375].)

Involved herein is the "relative hardship doctrine" (see *Christensen* v. *Tucker,* 114 Cal.App.2d 554, 559, 562-563 [250 P.2d 660]; Note 28 A.L.R.2d 679, 699), wherein a court,

in determining whether a mandatory injunction should issue ordering removal of encroachments, must consider various factors including the good faith of the party who constructed the encroachments (*Blackfield* v. *Thomas Allec Corp.,* 128 Cal. App. 348, 349 [17 P.2d 165]), and the proportionate hardships to the parties. (*Wright* v. *Best,* 19 Cal.2d 368, 386 [121 P.2d 702].) Also relevant is a plaintiff's delay in seeking the mandatory injunction (see *Rankin* v. *De Bare,* 205 Cal. 639, 641 [271 P. 1050]), and whether such a plaintiff will suffer irreparable injury from the encroachments. (*Pahl* v. *Ribero,* 193 Cal.App.2d 154, 163-164 [14 Cal.Rptr. 174].)

From the instant record it does not appear that the encroachments were constructed negligently or in willful disregard of the property rights of Mrs. Gormley or her predecessors in title, and it further appears that the cost of removal of said encroachments would be disproportionate to any damage caused to the Gormley property. Also, Mrs. Gormley acquired the property in 1951 and delayed eight years before seeking legal relief against the encroachments. Finally, it does not appear that Mrs. Gormley's property rights will be irreparably injured by the denial of an order to remove the existing encroachments. The structures extend over a driveway area, and it would appear manifest that damages will be an adequate remedy. By the denial of injunctive relief Mrs. Dolske obtains no rights in fee in the Gormley property, since upon the removal of the present Dolske house any "encroachment rights" terminate. (See *Christensen* v. *Tucker, supra,* 114 Cal.App.2d 554, 563.)

For the foregoing reasons the judgment is affirmed only insofar as it decrees that the 1913 grant of the driveway easement to plaintiff and cross-defendant's predecessors in title conveyed a bare right to use the easement way for ingress and egress of vehicular traffic, and that the fence erected by Mrs. Gormley does not unreasonably impede such easement rights. In all other respects the judgment is reversed and the cause remanded to the court below for further proceedings not inconsistent with the views herein expressed. The parties will bear their respective costs on appeal.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Tobriner, J., concurred.