[Civ. No. 413. Fifth Dist. Jan. 7, 1965.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. GARDEN GROVE FARMS, Defendant and Appellant.

Fadem & Graves, Ernest L. Graves, Jerrold A. Fadem and Gideon Kanner for Defendant and Appellant.

R. B. Pegram, Hugh R. Williams, Charles E. Spencer, Jr., Harry S. Fenton, Robert W. Vidor and Richard L. Franck for Plaintiff and Respondent.

BROWN (R. M.), J.—Appellant appeals from a judgment after a jury trial in a condemnation action awarding defendant the sum of $273,596 for certain real estate which consisted of a parcel known as 8C for freeway purposes, and 8D for a public school site for exchange purposes.

The Garden Grove School District owns a parcel of land located within the limits of the Garden Grove freeway. The district agreed to give this property to the state provided the state acquired a substitute facility for the school district. The property to be used as a substitute facility is the parcel under consideration on this appeal, Parcel 8D, owned by the appellant, and to be used for school purposes. The facts set forth in this paragraph are stated in Highway Commission Resolution No. 5486 in evidence herein (Plaintiff's Exhibit No. 6).

Parcel 8 D consists of an area of land, 2.553 acres, being on the right of way boundary of the freeway and extending 220.09 feet from this boundary.

The court in its findings of fact pertinent to this parcel found that the purpose of the taking of Parcel 8D was for "a public use authorized by law, . . . for a public school site for exchange purposes"; that "each and every matter, fact and thing stated . . . in the resolution of the California Highway Commission referred to in Paragraph II of Plaintiff's Third Amendment and Supplement to Complaint in Eminent Domain was and is true, and that the public interest and necessity require the acquisition of . . . 8D for a public school site for exchange purposes." The court found that "the fair market value of Parcels 8C and 8D . . . is the sum of $273,596.00."

In its conclusions of law, the court concluded that Parcel 8D be condemned "for a public school site for exchange purposes." Thereafter, the court, in its final order in condemnation, condemned Parcel 8D "for a public school site for exchange purposes."

The appellant presents its position that a legislative enactment enabling exchange is jurisdictionally void insofar as it purports to extend beyond an express constitutional provision limiting that power (referring to Cal. Const., art. I, § 14½), and that one public authority is unable to exercise a power bestowed on a different public authority.

The California Constitution, article I, section 14, provides that "Private property shall not be taken or damaged for

public use without just compensation having first been made to, or paid into court for, the owner, . . ." It will be noted that the remaining portion of this section refers to rights of way or lands to be used for reservoir purposes in connection with municipal corporations, water districts, etc., and for immediate possession.

However, it is the contention of appellant that section 14½ of article I[1] prevails in this matter.

Pertinent sections to the discussion of this matter are as follows:

Streets and Highways Code, section 104 (Stats. 1939, ch. 686, p. 2201): "The department may acquire, either in fee or in any lesser estate or interest, any real property which it considers necessary for state highway purposes. Real property for such purposes includes, but is not limited to, real property considered necessary for any of the following purposes:

"(a) . . . . . . . . . .

"(b) For the purposes of exchanging the same for other real property to be used for rights of way.

". . . . . . . . . ."

Section 104.2 (Stats. 1939, ch. 686, p. 2201): "Whenever property which is devoted to or held for some other public use for which the power of eminent domain might be exercised is to be taken for State highway purposes, the department may, with the consent of the person or agency in charge of such other public use, condemn, in the name of the people of the State of California, real property to be exchanged with such person or agency for the real property so to be taken for

[1]Art. I, § 14½, California Constitution: "The State, or any of its cities or counties, may acquire by gift, purchase or condemnation, lands for establishing, laying out, widening, enlarging, extending, and maintaining memorial grounds, streets, squares, parkways and reservations in and about and along and leading to any or all of the same, providing land so acquired shall be limited to parcels lying wholly or in part within a distance not to exceed one hundred fifty feet from the closest boundary of such public works or improvements; provided, that when parcels which lie only partially within said limit of one hundred fifty feet only such portions may be acquired which do not exceed two hundred feet from said closest boundary, and after the establishment, laying out, and completion of such improvements, may convey any such real estate thus acquired and not necessary for such improvements, with reservations concerning the future use and occupation of such real estate so as to protect such public works and improvements and their environs and to preserve the view, appearance, light, air and usefulness of such public works.

"The Legislature may, by statute, prescribe procedure."

State highway purposes. This section does not limit the authorization to the department to acquire, other than by condemnation, property for such purposes.''

(This section was formerly in section 104, subdivision (b) prior to the 1939 amendment.)

Section 104.3 (Stats. 1939, ch. 686, p. 2202; see Gov. Code § 191) : ''The department may condemn real property or any interest therein for reservations in and about and along and leading to any state highway or other public work or improvement constructed or to be constructed by the department and may, after the establishment, laying out and completion of such improvement, convey out any such real property or interest therein thus acquired and not necessary for such improvement with reservations concerning the future use and occupation of such real property or interest therein, so as to protect such public work and improvement and its environs and to preserve the view, appearance, light, air and usefulness of such public work; provided, that land so condemned under authority of this section shall be limited to parcels lying wholly or in part within a distance of not to exceed 150 feet from the closest boundary of such public work or improvement; provided, that when parcels which lie only partially within such limit of 150 feet are taken, only such portions may be condemned which do not exceed 200 feet from said closest boundary.''

█ Appellant belatedly urges for the first time on this appeal that respondent failed to plead and prove compliance with the provisions of section 104.2 of the Streets and Highways Code in that no showing was made at the trial that respondent had obtained, prior to commencement of the condemnation action, the consent and agreement of the Garden Grove School District to exchange its lands for a portion of the appellant's lands here sought to be condemned. The contention is not made in the opening brief but is first mentioned in the closing brief and developed in supplemental briefs filed with the permission of this court. █ Generally, a contention raised for the first time in an appellant's closing brief requires no consideration and may be disregarded. (*Thompson* v. *Thompson,* 218 Cal.App.2d 804, 805 [32 Cal. Rptr. 808] ; *Bank of America* v. *Frost,* 205 Cal.App.2d 614, 619 [23 Cal.Rptr. 441] ; *Fernandez* v. *Fernandez,* 194 Cal. App.2d 782, 800 [15 Cal.Rptr. 374] ; *Utz* v. *Aureguy,* 109 Cal. App.2d 803, 805 [241 P.2d 639].) █ Furthermore, this case was pleaded and tried on the theory that plaintiff was

seeking to condemn Parcel 8D for a school site for exchange. The heart of the defense was that the plaintiff was powerless to condemn lands beyond the constitutional limitation of 150 feet from the right of way boundary or to acquire by condemnation lands for school sites. The defense attack was thus directed at the constitutionality of the condemnation action and no question was raised as to whether respondent had complied with statutory requirements. The defendant may not now abandon the theory on which the case was tried and defended and raise a new theory of defense on appeal which does not rest on questions of law alone but involves issues of fact not presented as such to the trial court. (*Dolske* v. *Gormley*, 58 Cal.2d 513, 518 [25 Cal.Rptr. 270, 375 P.2d 174]; *Spaziani* v. *Millar*, 215 Cal.App.2d 667, 678 [30 Cal.Rptr. 658]; *Glens Falls Ins. Co.* v. *Founders' Ins. Co.*, 209 Cal. App.2d 157, 171 [25 Cal.Rptr. 753]; *Estate of Hunter*, 194 Cal.App.2d 859, 862-863 [15 Cal.Rptr. 556].)

 The resolution of the Highway Commission is prima facie evidence that the property is to be acquired for a public purpose. The burden is on the defendant to show that it is not for a public purpose. (*County of San Mateo* v. *Bartole*, 184 Cal.App.2d 422, 432 [7 Cal.Rptr. 569]; *People* ex rel. *Dept. Public Works* v. *Lagiss*, 223 Cal.App.2d 23, 37 [35 Cal. Rptr. 554].)

Under the *Lagiss* case, if there is no evidence introduced or offered, it becomes conclusive that the property is to be appropriated for public use. There is apparently no claim by the appellant that the property is not going to be used as a school site nor is it claiming that there was no agreement with the school district. The appellant cites no record as to such a position.

 As stated above, it is appellant's position that article I, section 14½ of the Constitution, is a limitation on section 14. Section 14½ is only a limitation as to the acquisition of "memorial grounds, streets, squares, parkways," etc., and to excess lands adjoining such improvements, which is not involved in this proceeding.

Thus, Parcel 8D is not being acquired pursuant to article I, section 14½ of the California Constitution, or section 104.3 of the Streets and Highways Code, in that the state does not intend to convey Parcel 8D with any reservations concerning the future use and occupancy of such real property or interest therein so as to protect such public work and its improvement. This parcel is to be conveyed to the Garden Grove School

District in exchange for property to be used by respondent for state highway purposes.

In *Redevelopment Agency* v. *Hayes*, 122 Cal.App.2d 777, 810 [266 P.2d 105], the history of section 14½ is discussed, as follows: "The title to Senate Constitutional Amendment No. 16 (Stats. 1927, p. 2371), the means whereby section 14½ was placed on the ballot, states that it is a resolution to propose to the people as addition to the Constitution a section 'relating to the taking of parcels of land by eminent domain where such border upon public improvements.' An examination of the argument to the voters concerning the proposed section (see part I, page 17 of Arguments to Voters for the election of November 6, 1928) clearly shows that the section was intended primarily to apply to 'little fractions of lots in the form of slivers or small triangles' left after making the particular improvements mentioned in the section, and in no manner was intended to apply either as an inhibition or otherwise to the projects contemplated in the act. Obviously there is no conflict between this section and the act. This section is limited to memorial grounds, streets, squares and parkways."

As stated in *People* ex rel. *Dept. Public Works* v. *Lagiss*, *supra*, 223 Cal.App.2d 23, at page 43, "As we interpret this section [Sts. & Hy. Code, § 104.3], it permits the Department to condemn more land than is necessary for a public use within the limitations therein specified, and upon completion of *the highway or public improvement*, authorized the Department to convey the excess land not necessary for such highway or improvement with reservations concerning the use of such land, so conveyed, so as to protect the highway or improvement, and to preserve its view, appearance, light, air and usefulness." (Italics added.)

As we interpret appellant's argument, appellant would have the excess land limited to 150 feet or, at the most, 200 feet, but it fails to note that if the land was taken pursuant to section 14½ it would have to be limited to memorial grounds, streets, etc.

█ It is our opinion that the taking of property for exchange purposes is authorized by the legislative act in section 104.2 of Streets and Highways Code, and that the taking is authorized by the inherent power of the State of California to take real estate by eminent domain through its basic source of power found in article I, section 14, of the California Constitution.

■ *People* v. *Chevalier*, 52 Cal.2d 299, 304 [340 P.2d 598], aptly states the proposition, as follows: "Because eminent domain is an *inherent attribute of sovereignty*, constitutional provisions merely place limitations upon its exercise. [Citations.] ■ The *only limitations* placed upon the exercise of the right of eminent domain by the California Constitution (art. I, § 14) and the United States Constitution (Fourteenth Amendment) are that the taking be for a 'public use' and that 'just compensation' be paid for such taking. Each of these limitations creates a justiciable issue in eminent domain proceedings. But 'all other questions involved in the taking of private property are of a legislative nature.' (*University of So. California* v. *Robbins*, 1 Cal.App.2d 523, 525 [37 P.2d 163].)"

The constitutional questions that thus can be presented are that the eminent domain proceeding must be one for "public use" and "just compensation," which have not been raised in this matter.

Should appellant's position prevail, the Department of Public Works would not be able to condemn any other property for any public purpose whatsoever unless it was within, at the most, 200 feet of the highway.

There was substantial evidence to support the finding made by the court in this matter as hereinabove set forth. (See *Price* v. *Price*, 217 Cal.App.2d 1, 6 [31 Cal.Rptr. 350].)

■ As to the question as to whether or not the Legislature can designate one entity such as the Department of Public Works to condemn for the public use of another entity such as the school district, this is well within the exclusive province of the Legislature. Who shall exercise power of eminent domain and for what public uses are legislative matters. "The Legislature may provide the uses for which property may be taken, the kinds of property that may be taken, the persons or entities who may exercise the power to take and the procedures for taking it [citations]; . . . ." (*Eden Memorial Park Assn.* v. *Superior Court*, 189 Cal.App.2d 421, 425 [11 Cal.Rptr. 189].) Such is further set forth in *Wulzen* v. *Board of Supervisors*, 101 Cal. 15, at page 21 [35 P. 353, 40 Am.St.Rep. 17], quoting from *People* v. *Smith*, 21 N.Y. 505, as follows: " 'The power resides in the legislature. It may be exercised by means of a statute, which shall at once designate the property to be appropriated and the purpose of the appropriation, or it may be delegated to public officers, or,

as it has been repeatedly held, to private corporations established to carry on enterprises in which the public is interested. There is no restraint upon the power, except that requiring compensation to be made.' "

Resolution No. 5486 of the State Highway Commission is conclusive as to the necessity of acquiring all of Parcel 8D for exchange. Section 103 of the Streets and Highways Code provides that the resolution of the commission shall be conclusive evidence:

"(a) Of the public necessity of such proposed public improvement.

"(b) That such real property or interest therein is necessary therefor.

"(c) That such proposed public improvement is planned or located in a manner which will be most compatible with the greatest public good and the least private injury."

Therefore, as set forth in *People* ex rel. *Dept. Public Works* v. *Lagiss, supra,* 223 Cal.App.2d 23, the public necessity, whether conclusive or prima facie, is supported by the resolution of the California State Highway Commission.

Concluding, we hold that the people of the State of California were acting through the Department of Public Works and may so condemn for school purposes property which is more than 200 feet from the right of way boundary; that the restrictions in section 14½ do not apply to the public use involved here; and that the Legislature can authorize the condemnation of such land for a school district for exchange purposes.

By way of a list of questions appearing in a footnote in appellant's opening brief, numerous charges of errors are suggested. No arguments are made and no authority is cited. As this court said in *Thompson* v. *Keckler,* 228 Cal.App.2d 199, 213 [39 Cal.Rptr. 267], "When a point is merely suggested by appellant's counsel, with no supporting argument or authority, it will be deemed to be without foundation and requires no discussion. [Citation.]"

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.

A petition for a rehearing was denied February 3, 1965, and appellant's petition for a hearing by the Supreme Court was denied March 3, 1965.