567 So.2d 447 (1990)
AVERY DEVELOPMENT CORP., Appellant,
v.
VILLAGE by the SEA CONDOMINIUM APARTMENTS, INC., Appellee.
No. 89-1905.
District Court of Appeal of Florida, Fourth District.
August 29, 1990.
John R. Hargrove and Lillian W. Conrad of Heinrich Gordon Batchelder Hargrove Weihe & Gent, Fort Lauderdale, for appellant.
Joseph L. DeGance, Fort Lauderdale, for appellee.
GARRETT, Judge.
This is an appeal of the trial court's final order that granted appellee parking rights over appellant's property.
*448 A developer built appellee Village by the Sea Condominium Apartments, Inc. The site plans and plat maps show parking spaces but the word "easement" does not appear anywhere on the documents. However, the Declaration of Condominium (Declaration) filed in December of 1969 does mention an easement for ingress and egress (access easement) over the land that separates the condominium property from State Road A-1-A,[1] but does not contain any language about a parking easement. Since 1969 the condominium residents have parked on the access easement in the spaces shown on the plans and maps.
In 1983, the developer filed for bankruptcy. A 1985 bankruptcy court final order released, discharged and exonerated the condominium property from any and all burdens imposed by the various declarations except for the easements created under the Declaration.[2] In 1987, appellant Avery Development Corporation purchased the condominium property and later filed suit to determine appellee's right to park on the access easement. In 1989, the bankruptcy court corrected and clarified its earlier final order. The trial court found that the 1985 final bankruptcy court order created a parking easement.
We reverse. "An easement may be created only by a person who has an estate in the servient [property]. To create a permanent easement, [the estate holder] must have the fee or at least be able to dispose of the fee." 20 Fla.Jur. Easements § 11 (1980). The owner/developer of the property did not grant appellee a parking easement. The language of the Declaration which created the access easement is clear:
A non-exclusive easement for ingress and egress....
As stated in Walters v. McCall, 450 So.2d 1139, 1142 (Fla. 1st DCA 1984):
When language of a deed is clear and certain in meaning, and the grantor's intention is reflected by the language employed, there is no room for judicial construction of the language nor interpretation of the words used  if there is no ambiguity in the wording then the intention of the grantor must be ascertained therefrom.
The intent of the developer to only grant an access easement is equally clear. As the grantor of the access easement, the developer knew that the easement would be used for parking, and in fact, had added the parking spaces on the plans and maps in order to comply with building regulations. Yet the developer did not choose to grant an easement for parking.
Appellee as owner of the access easement cannot increase the burden on *449 appellant's property to any greater extent than reasonably necessary and contemplated at the time the access easement was granted. Id. (citing Crutchfield v. F.A. Sebring Realty Co., 69 So.2d 328, 330 (Fla. 1954). Appellant as the owner of the property can use the property including the access easement in any manner so long as its use does not interfere with appellee's rights of ingress and egress. Tortoise Island Communities, Inc. v. Roberts, 394 So.2d 568, 569 (Fla. 5th DCA 1981). The trial court erred in finding that appellant had the burden to prove that the parking interfered with appellant's right of ingress and egress. Just the opposite, appellee had the burden and could not prove that parking on the access easement did not increase the burden on the servient estate or interfere with appellant's right of ingress and egress.
We recognize that a trial court's findings of fact are presumed correct and will not be disturbed on appeal absent a showing that such findings are clearly erroneous or totally without substantial evidentiary support. Oceanic Int'l Corp. v. Lantana Boatyard, 402 So.2d 507, 511 (Fla. 4th DCA 1981); See also In re Estate of Donner, 364 So.2d 742 (Fla. 3d DCA 1978); Holland v. Gross, 89 So.2d 255 (Fla. 1956). However, the reviewing court is not bound by the trial court's legal conclusions where those conclusions conflict with established law. Oceanic, 402 So.2d at 511. We conclude the trial judge erroneously found that the bankruptcy court's final order created an easement for parking. The order did not terminate the access easement and reimpose it, nor did the order create a parking easement. The order left the property subject to the access easement created by the developer and described in the Declaration. The trial judge noted that the bankruptcy court's 1989 corrected final order expressed the bankruptcy judge's intent to preserve the access easement as it existed prior to the bankruptcy,[3] nevertheless, the trial judge concluded, "The use of the land as it existed prior to the Final Order included parking in conjunction with ingress and egress." The easement as it existed is not the same thing as the use of the land as it existed.
We also find that the trial judge misapplied the law. He never found an ambiguity in the bankruptcy court's final order. His consideration of surrounding circumstances to explain the unambiguous document was contrary to law. Walters. He found that appellant's access easement did not exclude parking. Appellant's access easement is an affirmative easement, that is, it authorizes appellee to do something which appellee would otherwise not be entitled to do. 20 Fla.Jur.2d Easements § 5 (1980). The right to park could not be created by its omission from an easement which granted the right of ingress and egress.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
POLEN, J., and FRANK, RICHARD A., Associate Judge, concur.
NOTES
[1] The Declaration of Condominium filed on December 1, 1969 created the easement. Portions of pages 160, 161, and 162 read:

III.
Legal Description of the Land
ALSO TOGETHER WITH:
A non-exclusive easement for ingress and egress and utilities over and across the following described land in Broward County, Florida:
and are followed by legal descriptions.
[2] The bankruptcy court's March 26, 1985 final order reads in relevant part:

ORDERED AND ADJUDGED:
1. That the Application of the Debtor in Possession is hereby granted and that ... (ii) the real property described in Exhibit "B" attached hereto and made a part hereof is hereby released, discharged and exonerated from any and all burdens imposed by (a) that certain Declaration of Condominium filed by Village by the Sea Condominium Apartments, Inc., on December 1, 1969 in O.R. Book 4983 at Page 159, and rerecorded in O.R. Book 4102, at Page 172, and as modified and supplemented by Supplement to Declaration of Condominium filed January 19, 1970 in O.R. Book 4120 at Page 71, all of the Public Records of Broward County, Florida, and (b) that certain Declaration of Condominium filed on February 22, 1967, and recorded in O.R. Book 3378, at page 53, of the Public Records of Broward County, Florida.
PROVIDED, HOWEVER, THAT (i) the real property described in Exhibits "C-1" and "C-2" attached and made a part hereof shall remain subject to perpetual, non-exclusive easements for vehicular and pedestrian ingress and egress in favor of the Condominium created under the foregoing Declarations of Condominium and the unit owners therein ("Beneficiaries")... .
[3] The bankruptcy court's 1989 order at page 24 reads, "the language of the order itself reflects the Court's intent to preserve the easement as it existed prior to execution of the final order." And on page 26, "The court's intent was to preserve the condominium residents' rights, as established in the 1969 Declarations of Condominium, to a pedestrian and vehicular ingress and egress easement to State Road A-1-A as it existed prior to execution of the order." In re Village by the Sea, Inc., 98 B.R. 93, 13 Fed.R. Serv.3d 663 (1989).