**CLEVELAND, Appellant,**

v.

**CLIFFORD, Appellee.**

[Cite as *Cleveland v. Clifford* (1997), 121 Ohio App.3d 59.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006503.

Decided June 25, 1997.

**60**

*Edward Kancler,* for appellant.

*James L. Blaszak* and *William T. Schill,* for appellee.

---

BAIRD, Judge.

Kenneth I. Cleveland appeals the order of the Court of Common Pleas of Lorain County finding that a "drive easement" granted by Cleveland to Jack Clifford permits parking within the easement. We reverse because the term "drive easement" is unambiguous and does not permit parking by the easement owner when such parking interferes with the servient estate owner's shared use of a driveway.

In 1985, Cleveland sold Clifford 0.643 acres (the "Clifford premises") that Cleveland had subdivided from a 1.698-acre parcel of real property he owned on Railroad Street in the village of LaGrange. Cleveland retained the remaining 1.055 acres (the "Cleveland premises"). As part of the sale, Cleveland granted to Clifford a "drive easement" (the "Clifford easement") over a forty-three-by-fifty-foot area located at the front entrance of the Cleveland premises adjacent to the Clifford premises. The parties also intended, as part of the sale, for Cleveland to reserve a ten-by-90.5-foot "drive easement" over the Clifford premises, part of which was adjacent to the Clifford easement, extending to the rear of the Clifford premises' property line (the "Cleveland easement"). The Cleveland easement was improperly drafted, however, and never became effective.

At the time of sale, the Cleveland premises included a building leased by Cleveland to others for a machine shop and for storage purposes. The Clifford premises included a building used for a sporting goods business. Clifford's intent, communicated to Cleveland, was to convert the sporting goods building into a restaurant, which he did shortly after taking possession. Over the years, restaurant patrons frequently parked in the easement, impeding access to Cleveland's tenants' businesses and to a large overhead service door located in the Cleveland building.

Controversy arose over the issue of whether the "drive easement" was intended to permit parking. Contending that it was not, Cleveland filed suit, seeking preliminary and permanent injunctions, declaratory judgment, rescission of the easement, and punitive damages. Clifford counterclaimed, seeking an injunction and claiming that Cleveland was obstructing Clifford's use of the easement. The case was referred to a referee for hearing.

Neither the purchase agreement nor the deed defined the intended extent or meaning of the term "drive easement." The deed conveying the Clifford easement, and intending to reserve the Cleveland easement, merely referred to two

"drive easements," and included the legal descriptions of the locations of the easements.

The parties' recollections of their intent differed. Cleveland testified that there were two reasons for creating the easements: (1) the Clifford easement was to permit ingress and egress of large trucks to the Clifford premises from Railroad Street, and (2) the Cleveland easement was to permit access to a rear door of the Cleveland building. Cleveland claimed that, during their negotiations, neither he nor Clifford ever discussed parking vehicles within those easements, that he always contemplated easements for ingress and egress only, and that there was sufficient space on the Clifford premises to provide adequate parking for Clifford's customers.

Clifford testified that it was his understanding that the easements were to permit ingress, egress, *and* parking. Clifford stated that he told Cleveland at least once during negotiations that he wanted to use the easement for parking.

The referee found that the term "drive easement" was ambiguous and determined that Clifford possessed the right to use the easement in any manner not inconsistent with the easement, including for parking vehicles, but that Clifford could not impede ingress and egress to and from the overhead door of the Cleveland building.

Cleveland objected to the referee's report. His objections were overruled by the trial court judge who adopted the report.

Cleveland now appeals, asserting five assignments of error.

I

In his first three assignments of error, Cleveland argues that the referee's finding that parking is permitted in the Clifford easement, and the trial court's adoption of that finding, is contrary to law and contrary to the evidence. Cleveland specifically objects to the finding that parking is permitted in a portion of the easement but not directly in front of the service door. In his fifth assignment of error, Cleveland argues that the trial court's decision is against the manifest weight of the evidence. Because all of these assignments of error are disposed of by our determination that the term "drive easement" under the facts of this case does not include a right to park, we shall address them together.

Generally, the extent of an easement created by conveyance is fixed by the conveyance. Restatement of the Law, Property (1944) 3009, Servitudes, Section 482. When the intent of the parties to an easement is clear from the face of the conveyance, it is not necessary to resort to rules of construction to determine the easement's effect. *Murray v. Lyon* (1994), 95 Ohio App.3d 215, 219, 642 N.E.2d 41, 43–44. Common words appearing in a conveyance will be

given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall content of the instrument. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph two of the syllabus.

The term "drive easement" has not been construed previously by Ohio courts in this precise context. However, the Ohio Supreme Court has adopted the definition of "drive" as " '[t]o impel or urge onward in a direction away from, or along before, the impelling force or agency; variously: to cause to move on; to urge onward, as with blows; as to *drive* cows to pasture; to communicate a forward motion to, as by pressure; to push forward; as, to *drive* a nail; a ship *driven* by wind and tide; to give a forward impetus to; to propel; impel.' " (Emphasis *sic.*) *Shafer v. Glander* (1950), 153 Ohio St. 483, 489, 41 O.O. 490, 493, 92 N.E.2d 601, 604, quoting Webster's New International Dictionary (2 Ed.).

"Drive" is also defined as "an act of driving: * * * a private road: DRIVE-WAY." Webster's New Collegiate Dictionary (1981) 345. "Driveway" is defined as "a private road giving access from a public way to a building on abutting grounds." *Id.* at 346.

Every definition of "drive" or "driveway" contemplates motion. Parking is the antithesis of motion. The plain meaning of the term "drive easement" does not include parking within that easement.

The decisions of two other jurisdictions provide further guidance. In *Avery Dev. Corp. v. Village by the Sea Condominium Apts., Inc.* (Fla.App.1990), 567 So.2d 447, 448, the Fourth Appellate District of Florida found that an "access easement" precluded parking. In reaching its decision, the court reasoned that the owner of an access easement cannot increase the burden on the servient estate "to any greater extent than reasonably necessary and contemplated at the time the access easement was granted." *Id.* at 449.

Similarly, Ohio courts have recognized that an easement owner may not increase the burden upon a servient estate by a new and additional use. See *Centel Cable Television Co. of Ohio, Inc. v. Cook* (1991), 58 Ohio St.3d 8, 12, 567 N.E.2d 1010, 1014–1015. In *Mad River Securities, Inc. v. Felman* (1953), 159 Ohio St. 512, 50 O.O. 429, 112 N.E.2d 646, syllabus, the Ohio Supreme Court approved a decree permanently enjoining one of two parties to a shared commercial easement for ingress and egress from parking vehicles on the easement because parking by that party interfered with the other party's use of the easement for ingress and egress.

The owner of an easement has less control of the land than is normally had by persons who have possessory interests in land. Restatement of the Law, Property, *supra*, at 2903, Section 450, Comment *b*. A drive easement is analogous

to a way, which grants a right of passage over land. Black's Law Dictionary (6 Ed.1990) 1593. "[A] person who has a way over land has only such control of the land as is necessary to enable him to use his way and has no such control as to enable him to exclude others from making any use of the land which does not interfere with his." Restatement, *supra*, at 2903, Section 450, Comment *b*.

In *Russo v. Stepp* (1984), 2 Conn.App. 4, 5–6, 475 A.2d 331, 332, the Connecticut Court of Appeals construed a deed granting a "right to pass and repass in, over and upon for purposes of ingress and egress and to use for general driveway purposes that portion of * * * land of the grantors * * * over which a driveway now runs" as precluding parking by the easement owners. The court found that the easement did not grant the owner a right to obstruct the driveway or to park vehicles in the driveway when such use interfered with the servient owner's use of the driveway. *Id.*

The trial court in this case relied in part on *Henry v. Murfin* (May 31, 1995), Summit App. No. 16530, unreported, 1995 WL 324058, in rendering its decision for Clifford. In *Henry*, this court noted that a residential easement holder's parking of a single car on an "easement for driveway and yard purposes" did not invalidate the easement because "[c]ars are often parked in driveways." *Id.* at *4. *Henry*, however, involved an easement that was not used by the owner of the servient estate for driving purposes. The owner of the servient estate had, in fact, erected a fence on the easement boundary, separating the easement area from the remainder of the servient estate, and told the easement owner that the easement property "was his to do with as he pleased." In the case before us, Cleveland and his tenants intended the continued use of the easement area for driving purposes, as evidenced by the attempted reservation of the Cleveland easement that ran contiguous to the Clifford easement to the rear of the Cleveland premises. If Cleveland had intended to abandon his use of the Clifford easement by permitting parking thereon by Clifford and his customers, Cleveland would have had no means of ingress to the Cleveland easement from Railroad Street.

Because we find that the trial court erred in rendering judgment for Clifford, thereby permitting parking in a portion of the Clifford easement and interfering with Cleveland's right to continue to share the easement for ingress and egress, Cleveland's first, second, third, and fifth assignments of error are sustained. The judgment of the trial court is reversed. Pursuant to App.R. 12(B), which permits an appellate court to render a judgment that the trial court should have imposed, *Superior Metal Prods., Inc. v. Ohio Bur. of Emp. Serv.* (1975), 41 Ohio St.2d 143, 145, 70 O.O.2d 263, 263–264, 324 N.E.2d 179, 180–181, we hereby find that the term "drive easement" does not permit parking thereon. Clifford is hereby enjoined from using the Clifford easement for parking purposes.

## II

In his fourth assignment of error, Cleveland contends that the trial court erred in failing to extinguish the easement by ignoring the evidence that Clifford abused the easement.

Because the trial court found that Clifford had not abused his easement, it failed to reach Cleveland's claim for rescission of the Clifford easement. Because the remedy of rescission involves factual determinations, and because rescission is not the only remedy that may be imposed even upon a finding of misuse of an easement, we remand this case to the trial court in order that it may determine this claim.

Cleveland's fourth assignment of error is sustained.

## III

The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DICKINSON, P.J., concurs.

QUILLIN, J., dissents.