RIVER'S EDGE HOMEOWNERS' ASSOCIATION, Plaintiff-Appellant, v. THE CITY OF NAPERVILLE, Defendant-Appellee (Unknown Owners, Plaintiffs).

Second District   No. 2—04—0224

Opinion filed November 29, 2004.

Kevin G. Drendel, of Drendel & Drendel, of Batavia, for appellant.

Paul L. Stephanides, Assistant City Attorney, of Naperville, for appellee.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, River's Edge Homeowners' Association, sued defendant, City of Naperville, for a declaratory judgment that defendant's proposed bicycle path exceeded its easement rights on the River's Edge property. The trial court denied both parties' motions for summary judgment. After a bench trial, the trial court denied plaintiff's complaint for declaratory judgment. Plaintiff appeals the trial court's denial of its motion for summary judgment and the trial court's ultimate ruling for defendant after a bench trial. Because we hold that the trial court erred in denying plaintiff's motion for summary judgment, we do not reach plaintiff's appeal on the court's ultimate ruling after a bench trial. We vacate the trial court's final ruling on the bench trial and we reverse the trial court's ruling on plaintiff's motion for summary judgment.

## I. FACTS

The creation of a residential townhome development in Naperville was proposed to defendant in 1972. After some negotiation, defendant approved the development, called "River's Edge," pursuant to the developers' agreement to dedicate an easement on the property to defendant. The developers and defendant entered into an agreement on March 19, 1973, and the agreement was amended on July 2, 1974. Also on July 2, 1974, the developers executed a grant of easement. The developers are not parties to this lawsuit.

The amended agreement stated, in pertinent part:

"No public parks will be required due to the private open spaces in paragraph B [of this section of the agreement] being more than adequate to meet open space requirements. There will be however, a dedicated walk easement along the river side of said property extending from the [f]ive [f]eet [w]est of the retaining wall to the center line of the river—approximately 4 acres. A 5 [foot] wide walkway constructed of 4 [inches] of Type 'B' Base and 4 [inches] of BAM meeting the requirements of the Standard Specifications for Road and Bridge Construction of the State of Illinois, dated 1973, will follow a free form path in the area commencing at the north end of said property and extending to the [s]outh limits."

The grant of easement stated:

"The [g]rantor *** hereby declares and grants in perpetuity an easement to [defendant] and to the public in general for the purpose of ingress and egress thereto and a walkway upon, under, along and across the following described property situated in Du Page

County, Illinois, and identified as a walkway easement in this plat: [description]."

Pursuant to the above-quoted documents, defendant obtained an easement, consisting of approximately four acres, on the River's Edge property. The easement is approximately 1,400 feet long, and it runs the entire length of the River's Edge property from north to south along the river front. Though the agreement required a walkway of 5 feet in width to be constructed, the developers constructed a walkway that measures, on average, 8.7 feet in width.

Defendant now seeks to reconstruct the River's Edge path and widen it to approximately 12 feet so that the path can comprise a portion of its newly proposed bicycle trail project. The new path would be a "multi-use" recreational trail, which would accommodate bicyclists and pedestrians simultaneously. On July 9, 2003, plaintiff brought a complaint seeking a declaratory judgment that defendant's project was an illegal expansion of the purpose and scope of the easement. Both parties submitted motions for summary judgment, which the trial court denied.

After a bench trial, the trial court found that the original intent of the drafters of the easement contemplated bicycle traffic and, thus, that the proposed reconstruction of the path was not an expansion of the easement for which just compensation was due plaintiff. It based its ruling on the language of the easement documents, the public use intended for the walkway, the documentary and testimonial evidence concerning the meaning of the term "walkway" at the time the easement documents were written, the fact that no signs or other restrictive measures were ever imposed upon bicycle use on the path, the actual width of the sidewalk, and the fact that the easement was given in lieu of a public park. Plaintiff timely appeals.

## II. DISCUSSION

Plaintiff's first contention on appeal is that the trial court erred in denying its motion for summary judgment. We agree.

Plaintiff sought summary judgment because the easement documents unambiguously established that defendant did not have the right to create a bicycle path on its easement on the River's Edge property. Summary judgment is appropriate where the pleadings, depositions, admissions, and affidavits on file, when taken together in the light most favorable to the nonmovant, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fremont Casualty Insurance Co. v. Ace-Chicago Great Dane Corp.*, 317 Ill. App. 3d 67, 73 (2000). Our review of the trial court's ruling on a motion for summary judgment is *de novo*. *Fremont Casualty*, 317 Ill. App. 3d at 73.

■ A court interprets an easement in the same manner it would interpret any agreement between parties. See *Smith v. Heissinger*, 319 Ill. App. 3d 150, 153 (2001) (looking at ambiguity of easement under rules of interpreting agreements). Generally, an instrument creating an easement is construed in accordance with the intention of the parties, which is ascertained from the words of the instrument and the circumstances contemporaneous to the transaction, including the state of the thing conveyed and the objective to be obtained. *McMahon v. Hines*, 298 Ill. App. 3d 231, 236 (1998). However, if the language of an agreement is facially unambiguous, then the trial court interprets the contract as a matter of law without the use of extrinsic evidence. *Air Safety, Inc. v. Teachers Realty Corp.*, 185 Ill. 2d 457, 462 (1999); *Duresa v. Commonwealth Edison Co.*, 348 Ill. App. 3d 90, 101 (2004). An agreement signed by the parties thereto speaks for itself, and the intention with which it was executed must be determined from the language used in the agreement, without resort to extrinsic evidence. *Air Safety*, 185 Ill. 2d at 462.

■ In applying this "four corners rule," a court initially looks to the language of the agreement alone. *Air Safety*, 185 Ill. 2d at 462. If the language is unambiguous, then the trial court interprets the agreement without resort to parol evidence. *Air Safety*, 185 Ill. 2d at 462. However, if the court finds that the language of the contract is susceptible to more than one meaning, then an ambiguity is present, and parol evidence may be admitted to aid the trier of fact in resolving the ambiguity. *Air Safety*, 185 Ill. 2d at 462-63. Whether language of an agreement is ambiguous and requires additional evidence for interpretation is a question of law (*Schnuck Markets, Inc. v. Soffer*, 213 Ill. App. 3d 957, 976 (1991)), subject to *de novo* review (*Smith*, 319 Ill. App. 3d at 153).

■ We note that the above-described four corners rule has been questioned in several Illinois Appellate Court cases by the introduction of the "provisional admission" approach to contract interpretation (also referred to as the "extrinsic ambiguity" approach). See *Air Safety*, 185 Ill. 2d at 463.

"Under the provisional admission approach, although the language of a contract is facially unambiguous, a party may still proffer parol evidence to the trial judge for the purpose of showing that an ambiguity exists which can be found only by looking beyond the clear language of the contract. [Citation.] Under this method, an extrinsic ambiguity exists 'when someone who knows the context of the contract would know if the contract actually means something other than what it seems to mean.' [Citation.] Consequently, if after 'provisionally' reviewing the parol evidence, the

trial judge finds that an 'extrinsic ambiguity' is present, then the parol evidence is admitted to aid the trier of fact in resolving the ambiguity. [Citation.]" *Air Safety*, 185 Ill. 2d at 463.

The supreme court has not squarely addressed the validity of the provisional admission approach in Illinois. In *Air Safety*, it noted that the appellate court has applied the approach in a variety of cases, but it declined to rule on the issue. *Air Safety*, 185 Ill. 2d at 463-64 (citing several Illinois appellate cases); see also M. Monahan, *Survey of Illinois Law: Contracts—The Disagreement over Agreements: The Conflict in Illinois Law Regarding the Parol Evidence Rule and Contract Interpretation*, 27 S. Ill. L.J. 687, 701, 703 nn.67 & 76 (2003) (hereafter Monahan) (citing many Illinois cases following each approach). Instead, the supreme court held that the explicit integration clause in the contract it was interpreting forestalled application of the provisional admission approach. *Air Safety*, 185 Ill. 2d at 464. The easement documents in the current case do not contain such an integration clause. Therefore, we must determine whether to apply the four corners approach or the provisional admission approach.

■ ■ There are, of course, competing policy arguments to support either approach. In favor of the four corners approach, the supreme court has stated:

"When parties sign a memorandum expressing all the terms essential to a complete agreement they are to be protected against the doubtful veracity of the interested witnesses and the uncertain memory of disinterested witnesses concerning the terms of their agreement, and the only way in which they can be so protected is by holding each of them conclusively bound by the terms of the agreement as expressed in the writing. All conversations and parol agreements between the parties prior to the written agreement are so merged therein that they can not be given in evidence for the purpose of changing the contract or showing an intention or understanding different from that expressed in the written agreement." *Armstrong Paint & Varnish Works v. Continental Can Co.*, 301 Ill. 102, 106 (1921) (applying the four corners rule to initial determinations of integration and ambiguity of a contract).

On the other hand, other courts have advocated the provisional admission approach:

"The 'four corners' test represents a mechanical approach to a difficult problem and possesses two flaws in that it assumes a precision of language which cannot exist and further that it places a trial judge in the uncomfortable position of determining the true intent of the parties in a transaction to which he is far removed both in time and circumstance. ***

\* \* \*

\*\*\* [The provisional approach rule] will permit the trial judge to determine with greater certainty whether in fact an ambiguity does exist or whether the parties were at one in their understanding of the language used." *URS Corp. v. Ash*, 101 Ill. App. 3d 229, 234-35 (1981).

■ Given that much of the parol evidence used to establish ambiguity in the current case centered around the evolution of terminology used to describe sidewalks, bike paths, and multi-use paths from the 1970s to the current day, this case would seem to offer a tempting opportunity to invoke the provisional admission approach. However, the supreme court's decision in *Armstrong Paint Works*, which declared the four corners rule, has never been reversed or modified. Monahan, 27 S. Ill. L.J. at 701. The supreme court in *Air Safety* may have "suggested" that it would later adopt the provisional approach rule (see Monahan, 27 S. Ill. L.J. at 717), but suggestions and hints do not establish precedent. The holding in *Armstrong Paint Works* remains binding precedent upon this court. See *Illinois Labor Relations Board v. Chicago Transit Authority*, 341 Ill. App. 3d 751, 758 (2003) ("After the supreme court has declared the law with respect to an issue, this court must follow that law because only the supreme court has the authority to overrule or modify its decisions"). Accordingly, we employ the four corners approach.

Before undertaking our review, we note that defendant proposes both to widen the walkway on the easement and to use the easement as part of a bicycle path. Plaintiff argues only that the easement should be restricted to use as a walkway. Therefore, we will review the easement documents to determine if the proposed use of the easement as a bicycle path would impermissibly expand the easement, and we will not consider whether a widening of the path on the easement would be permissible.

■ Our *de novo* review of the easement documents reveals no facial ambiguities. The agreement between the parties states that the easement is to be a "walk easement." The easement grant itself states that the easement was "identified as a walkway easement in this plat." The dictionary definition of the word "walkway" is "a passageway used or intended for walking." Webster's Third New International Dictionary 2572 (1993). Neither term contemplates the use of bicycles on the easement path. The faces of the documents themselves admit no ambiguity, and, therefore, under the four corners rule, we may not consider parol evidence in interpreting the documents (or in determining whether they are ambiguous). We hold that the easement granted to defendant was limited on its face to use by pedestrian traffic.

" ' "The rule is that every incident of ownership not inconsistent with the easement and the enjoyment of the same, is reserved to the grantor." ' " *Delgado v. Wilson*, 178 Ill. App. 3d 634, 640 (1989), quoting *Dolske v. Gormley*, 58 Cal. 2d 513, 519, 375 P.2d 174, 178, 25 Cal. Rptr. 270, 274 (1962), quoting Webster's New World Dictionary 443 (1951). If an easement is limited in scope or purpose, the owner of the property subject to the easement burden is entitled to prevent such burden from being increased. *Consolidated Cable Utilities, Inc. v. City of Aurora*, 108 Ill. App. 3d 1035, 1040 (1982).

Because the easement documents here restrict the easement to use as a walkway, we hold that defendant's proposed use of the property as a bicycle path constitutes an impermissible expansion of the purpose of the easement without just compensation. See *Consolidated Cable Utilities*, 108 Ill. App. 3d at 1041 (where easement lists purposes it is reserved for, "the plain meaning of the reservation does not also include other unnamed" rights); see also *Delgado*, 178 Ill. App. 3d at 635, 639-40 (" 'right of way to be used as a driveway' " could not be used as a parking area (emphasis omitted)); *Lien v. Loraus*, 403 N.W.2d 286, 289 (Minn. Ct. App. 1987) (pedestrian walkway limited to use by pedestrian traffic).

Our review of case law supports both our conclusion that the easement documents are unambiguous on their faces and our interpretation of those documents as allowing only foot traffic over the easement. In *Cleveland v. Clifford*, 121 Ohio App. 3d 59, 61, 698 N.E.2d 1045, 1047 (1997), the court held that an easement which described itself as a "drive easement" was unambiguous. It then held that the easement was limited to use as a driveway and thus that parking on the easement was not contemplated in the easement grant. *Cleveland*, 121 Ohio App. 3d at 60-63, 698 N.E.2d at 1046-48; see also *Delgado*, 178 Ill. App. 3d at 635, 639-40.

In *Dolske*, 58 Cal. 2d at 519, 375 P.2d at 78, 25 Cal. Rptr. at 274 (cited in *Delgado*, 178 Ill. App. 3d at 640), the court held that an easement granting the "right to use as a driveway" did not allow for pedestrian access. The court construed the term "driveway" narrowly because " 'every incident of ownership not inconsistent with the easement and enjoyment of same [should be] reserved to the grantor.' " *Dolske*, 58 Cal. 2d at 519, 375 P.2d at 178, 25 Cal. Rptr. at 274, quoting Webster's New World Dictionary 443 (1951). Likewise, here, the terms "walk easement" and "walkway" should be construed narrowly, because they plainly express the purpose for the easement and because additional uses not expressed in the easement should be reserved to the grantor.

In *Lien*, 403 N.W.2d 286, the court considered an easement which

provided for a "pedestrian walkway" to a lake. The plaintiffs in *Lien* sought to build a dock on the lake pursuant to their easement. *Lien*, 403 N.W.2d at 287. The court stated that the easement was ambiguous as to whether it included a right to build a dock, and the court turned to parol evidence to resolve that question. *Lien*, 403 N.W.2d at 289. However, the court stated that the term "pedestrian" unambiguously limited the mode of travel over the easement to foot traffic. *Lien*, 403 N.W.2d at 289. Likewise, here, the terms "walkway" and "walk easement" unambiguously limit the mode of passage over the easement to pedestrian travel.[1]

Defendant argues that we should not reverse the trial court's denial of summary judgment because plaintiff failed to present a record of the summary judgment hearing for our review. However, as noted above, our review here centered around issues of law, on which we give no deference to the trial court. Thus, while a transcript of the summary judgment hearing would certainly have been helpful, we did not require it to conduct our review.

Defendant argued in its brief in opposition to plaintiff's motion for summary judgment that its easement encompassed not only the walkway, but also a substantial amount of land surrounding the walkway. Thus, defendant argued, in pursuing its right to full enjoyment of the easement, it should be entitled to expand the walkway farther into the remaining easement property. However, this argument ignores the express limitation on the purpose of the entire easement: the easement was created to serve as a "walkway" and not as a bicycle path. Turning the walkway into a bicycle path would change and expand defendant's use of the easement beyond the rights defendant currently possesses.

We hold that the trial court should have granted summary judgment in favor of plaintiff and declared that defendant's proposed use of the easement property constitutes an expansion of the purpose of the original easement without just compensation.

The judgment of the circuit court of Du Page County in favor of defendant shall be vacated. The order of the circuit court denying plaintiff's motion for summary judgment shall be reversed. Pursuant to Supreme Court Rule 366 (155 Ill. 2d R. 366), because our holding disposes of all issues in the current case as a matter of law, we enter judgment in favor of plaintiff on its motion for summary judgment.

---

[1] In reaching our holding, we acknowledge the decision in *Copans v. Loehr*, 876 S.W.2d 691, 696 (Mo. App. 1994), which reaches a broader interpretation of a "walk" easement. We find the case to be factually distinguishable, and we find the Missouri law it cites to be contrary to Illinois law.

See *Flink v. Remington Rand, Inc.*, 24 Ill. App. 2d 445 (1960) (abstract of op.). A declaration shall be entered stating that defendant's proposed use exceeds its rights in the River's Edge easement.

Vacated in part and reversed in part; judgment entered.

KAPALA and GILLERAN JOHNSON, JJ., concur.